## LEWIS *v.* STATE.

### Opinion delivered March 17, 1906.

PERJURY—MATERIALITY OF TESTIMONY.—Where the grand jury was investigating whether liquors were being sold in a certain building, questions as to whether defendant guarded the back door of the building, and whether he conveyed beer or whisky into the building within a certain time, were material, and his false answers thereto would sustain an indictment for perjury.

Appeal from Hempstead Circuit Court; *Joel D. Conway,* Judge; affirmed.

*Jobe & Eakin,* for appellant.

The question asked by the grand jury and the answers thereto were immaterial to the matter under investigation. The verdict should have been set aside because of its form, and because

.a member of the grand jury was taken and served as a member of the petit jury.

*Robert L. Rogers, Attorney General,* for appellee.

Appellant can not complain of the bias of the trial juror, after having neglected to challenge him when he had the opportunity. 59 Ark. 136; 40 Ark. 515.

The recommendation of the jury in their verdict was surplusage. It does not vitiate the verdict. 28 Am. & Eng. Enc. Law, 364; 62 Miss. 450.

RIDDICK, J. This is an appeal from a judgment convicting the defendant, John Lewis, of the crime of perjury, and sentencing him to be imprisoned for one year. The grand jury were investigating the question as to whether intoxicating liquors were being sold or had been sold in a certain building in the town of Hope. To solve this question, they called the defendant before them, and asked him whether he had attended or guarded the back door of the building, so as to afford ingress and egress through the back door to persons visiting the building, and also whether he had, since the 1st of January, 1905, conveyed beer or whisky into the building. He answered both of those questions in the negative, and was indicted for perjury in so doing. There was evidence on his trial for perjury that tended to show that these answers were false. There was also evidence to the contrary which tended to show that the witnesses for the State were mistaken in believing that defendant had guarded the door, but it was for the jury to determine which of these witnesses told the truth.

If the testimony of the witnesses for the State was true, the purpose of the defendant in guarding the door was to admit persons to the room who wished to get whisky, and to warn persons in charge of the intoxicating liquor of the approach of officers or other unfriendly visitors. But, even if his occupation in guarding the door was lawful, the grand jury had the matter under investigation, and had the right to ask the question. Whether or not he was there guarding the door was a material question before them, and his false testimony in reference thereto was sufficient to base an indictment for perjury and conviction thereon.

On the whole case we are of the opinion the judgment should be affirmed.