STATE *v.* KELLY.

[74 South. 325, Division B.]

1. PERJURY. *Indictment. Sufficiency.*

Under Code 1906, section 1318, providing that every person who shall swear falsely to any material matter lawfully required by any executive or administrative officer, shall be guilty of perjury, and section 1434, providing that it shall be sufficient to set forth the substance of the offense, an indictment, which charges that perjury was committed in making a certain report to the auditor of public accounts of the state of Mississippi, as required by the laws of the state of Mississippi, was sufficient in view of Laws 1908, chapter 111, providing that such report shall be made on a form prescribed by the auditor. The allegation of the indictment that in making a report to the auditor of public accounts of the state of Mississippi as required by the laws of the state, necessarily means the report required by this act, and that carries with it an allegation that demand was properly

made. It was not necessary to set out in detail in the indictment the things the auditor and the accused did that were required by the act.

2. SAME.

An indictment which charges that an affidavit was made, in-making a certain report to the auditor of public accounts for the state of Mississippi is sufficient to charge that the report was made and delivered to the auditor.

3. PERJURY. *Allegation of writing. Sufficiency.*

An indictment charging that accused in making a report to the auditor of public accounts, as required by law, on blanks furnished by said auditor, he being then and there duly sworn, and it thereupon became a material matter to be reported, etc., did make oath, etc., is sufficient to show that oath was made in such statement and therefore in writing.

4. PERJURY. *Indictment. Allegation of falsity. Sufficiency.*

Where, in an indictment for perjury in making a false report to the auditor of public accounts, of the condition of the accounts of a bank, an allegation that the amount owed by the directors became a material matter to be reported and that defendant, knowing that the directors owed a great deal more than fifty-nine thousand, one hundred sixty-four dollars and twenty-four cents, made oath that they owed that amount such allegations show wherein the oath was false.

5. INDICTMENT AND INFORMATION. *Allegation of official capacity. Sufficiency.*

An indictment for perjury, charging that "defendant being the assistant cashier of the C. C. Kelly Banking Company," etc., sufficiently charges that he was an officer of the bank.

APPEAL from the circuit court of Attala county.
HON. H. H. RODGERS, Judge.

R. E. Kelly was indicted for perjury. From a judgment sustaining a demurrer to the indictment, the state appeals.

The facts are fully stated in the opinion of the court.

*J. H. Teat* and *Chalmers Potter,* for appellant.

We most earnestly contend that the assistant cashier is an officer of a bank and is one within the purview of the statute. We have diligently searched the authorities

on this point and they bear us out. In cases where the law provides that personal service may be had upon a domestic corporation by serving the summons upon one of the officers thereof, the courts have held that such service upon the assistant secretary is within the statute and is good. 71 Pacific Reporter 584; 45 Pacific Reporter 346.

But even if such is not the case, let us look at the case of the *People* v. *Trumpborn,* 19 N. Y. 231.

In this case an indictment for perjury was found against the assistant treasurer when the statute provided that the reports of the bank should be made and verified by oath by one of the two principal officers thereof, to which indictment a demurrer was interposed, claiming that he was not one of the two principal officers, as required by the statute. In answer the supreme court of N. Y. said:

"It is claimed by the defendant, that inasmuch as the statute provided that the report shall be verified by the two principal officers, and it appears from the instrument that the defendant was the assistant treasurer, therefore, that he was not one of the two principal officers; that he was not one of the persons required by the statute to make the affidavit in verification; that his act in making it was extra-judicial; and that an indictment against him for making such verification will not lie. Whether or not he was one of the two principal officers of the bank, I think is of no consequence. Assuming that he was not, still in my opinion, his contention is unfounded. A report was required by law to be made and verified. He assumes to be one of the two proper persons to verify it and does so. He cannot now come forward and claim that he was incompetent to make the oath, so long as he did in fact verify it."

But we do not have to go that far in the case at bar. It is decided in that case, at least inferentially, that the assistant cashier was an officer of the bank and that is all that is necessary in this case.

The third ground assigned is that the indictment does not charge or state the amount in excess of fifty-nine thousand and one hundred fourteen dollars and twenty-four cents, that was due and owing the bank by its officers, etc., so as to put this defendant upon specific notice of the alleged falsity of the sworn statement.

We contend that the words of the indictment, "when in truth and in fact, the said R. E. Kelly then and there well knew, there was at that time owing to the said C. C. Kelly Banking Company, by its directors, a great deal more than the said sum or fifty-nine thousand and one hundred fourteen dollars and twenty-four cents," sufficiently, accurately and definitely put the defendant upon specific notice of the falsity of the oath. We submit that the indictment alleging that he swore that the directors, etc., owed the fifty-nine thousand and one hundred fourteen dollars and twenty-four cents, when he knew that they owed the bank a great deal more, could not, by any additional words put the defendant on more specific notice. *People* v. *Ostrander,* 18 N. Y. S. 326; *People* v. *Clements,* 13 N. Y. S. 782; *People* v. *Higbie,* 66 Barb. 138; and *People* v. *Dimmick,* 107 N. Y. 28.

The next ground assigned why the demurrer should be sustained is that the statute under which the indictment is drawn was merely directory and not in a judicial proceeding and therefore not of the kind or character to constitute perjury. The wording of the statute is that, "every bank shall make a balanced statement under oath."

We respectfully submit that the statute is mandatory and not directory and is an oath, required by law, within the meaning of section 1318 of the Code of 1906. In construing a similar statute, the New York supreme court in the case of *People* v. *Trumpborn, supra,* held that the statute was mandatory and that perjury would lie for a false sworn statement by an officer of a bank.

When the defendant set forth that the indictment does not allege and set out specifically what the blank con-

tained and what was required by the officer of the bank, so that it does not give defendant exact notice of what it contained and exactly what offense he is charged with.

The legislature, very wisely, in section 1430 of the Code of 1909, expressly provides that "whether it shall be necessary to make an averment in an indictment as to any instrument, whether the same consists wholly or in part of writing, print, figures or characters, it shall be sufficient to describe such instrument by any name of designation by which the same may be usually known, or by the purport thereof, without setting out any copy of fac-simile of the whole or any part thereof." This was done in the case at bar.

We fail to see how the report could have been more definitely described either by name or what it contained, and section 1430 of the Code of 1906, only requires that it shall be sufficient to describe it by its usual name and by the purport thereof. *Roberts* v. *The State,* 72 Miss. 114.

We contend that section 1430 of the Code of 1906, in the light of the case of *Roberts* v. *The State, supra,* fully disposes of the last contention mentioned.

The next ground assigned in the demurrer was that the indictment does not aver that the statement was transmitted to the auditor, which of course would make the report immaterial. The best answer to this is the words of the indictment itself. The indictment said "in making a certain report to the auditor of public accounts of the state of Mississippi, as required by law." We insist that it would be impossible to make the report alleged to have been made to the auditor, without transmitting the same.

*S. L. Dodd, R. H. & J. H. Thompson* and *Fulton Thompson,* for appellee.

Perjury, according to Code 1906, section 1318, can only be predicated (a) of an oath legally administered in any matter, cause or proceeding pending in any court of law or equity, or before any officer thereof; (b) where

an oath or affirmation is required by law or is necessary for the prosecution or defense of any private right or for the ends of public justice, or (c) in any matter or proceeding before any tribunal or officer created by the Constitution or by law, or (d) where any oath may be lawfully required by any judicial, executive or administrative officer.

In this case the indictment does not show: (a) That the oath was made in a judicial proceeding or before any officer of any court; on the contrary it shows that the oath was made before a notary public in a proceeding non-judicial in character.

Nor does the indictment show: (b) that the oath made was required by law; there is a total failure to charge that the sworn statement was made in pursuance of a requisition by the auditor of public accounts; and such statements are required by law only when the auditor has made requisition for them; and there can be no pretence that the oath was required by law or was necessary for the prosecution or defense of any private right or for the ends of public justice.

Nor does the indictment show: (c) that the oath was made in any matter or procedure before any tribunal or officer created by the Constitution or by law; it is charged the oath was made before a notary public, but there is no charge or pretence that any matter or procedure was pending before or under consideration by the notary public. If the mere taking of an affidavit constitutes a matter or procedure before the officer administering the same, it is idle to think of extra-judicial oaths.

Nor does the indictment charge: (d) that the oath was lawfully required by any judicial, executive or administrative officer. The terms of the statute defining perjury "or where any oath may be lawfully required by any judicial, executive or administrative officer," show that the indictment in this case is fatally defective because of its failure to charge that the statement was required by the auditor of public accounts. The statute

itself makes such a charge a necessary averment of an indictment for perjury based upon the clause of it last above quoted, and clearly removes this case from the preceding parts of the statute, Code of Mississippi, 1906, section 1318.

Our second proposition: The indictment is fatally defective because it does not charge that the statement was rendered to the auditor of public accounts, and does not charge that it was intended to be rendered to the auditor, and does not charge that it ever passed from the custody of defendant.

The only words of the indictment that can be said to relate to this subject are these: "Said R. E. Kelly, in making a certain report to the auditor of public accounts of the state of Mississippi, as required by the laws of the state of Mississippi, for said C. C. Kelly Banking Company, known as a balanced statement, "did swear," etc. This is not a direct or an affirmative charge, such as is required to be made in indictments of anything.

The claim in the brief for the state (par. 7, page 9) that this charge is equivalent to a direct charge that the statement was forwarded to the auditor of public accounts is unwarranted, and does violence to the rules of criminal pleadings. We, therefore, have a right to assume that the sworn statement and the affidavit were never presented to the auditor of public accounts, nor intended to be presented, were never used by the defendant, and never passed from his custody.

If in any case the making of an unused false affidavit can support any indictment for perjury, it cannot be in this case, because the objects and purposes of the statutes requiring bank statements were not affected by an undelivered and unused affidavit. The oath or affidavit was an idle one. If unused or undelivered it was purely an extra-judicial and extra-official oath. 16 Ency. Pleading & Practice, 323, 324; *Copeland* v. *State,* 23 Miss. 257; *Ortner* v. *People,* 4 Hun. (N, Y.) 329; *State* v. *Geer,* 46 Kan. 529, 26 Pac. 1027.

Our third proposition: The indictment is fatally defective because it fails to charge that the alleged false oath was by affidavit or that it was in writing. *Copeland* v. *State,* 23 Miss. 257.

Our fourth proposition: "The indictment is bad because it fails to show wherein the oath, or affidavit, was false." 2 Bishop's Crim. Proc. (1 Ed.), 858; 2 Bishop's Crim. Proc. 918; *Thomas* v. *State* (Ark.), 16 S. W. 568; *United States* v. *Chapman,* 3 McLean, 390.

In this case no part of the oath is negatived in any way; the oath was true as far as it went, and there is no charge in the indictment by way of *innuendo,* showing that the oath or the statement was an intentional suppression of the whole truth, an effort to deceive or defraud by leaving an impression that no greater sum was owing to the bank from its directors.

The indictment does not charge with sufficiency, certainty, or legal accuracy that the auditor of public accounts demanded of the bank a statement as provided by law, nor does it charge in any way that blank forms of such a statement were furnished the bank in duplicate by the auditor; and the demurrer was therefore properly sustained.

The only averment of the indictment on this subject is the charge that "said R. E. Kelly, in making a report known as a 'balanced statement,' on a blank form furnished by said auditor of public accounts," swore, etc., this is certainly not a charge that the auditor demanded the report.

Our sixth proposition: The indictment is bad because it fails to charge that defendant was an officer of the bank. Laws of Mississippi, 1908, ch. 111, p. 110; *Williams* v. *Link,* 64 Miss. 641; Am. Ann. Cases 1912A, note p. 1270; *United States* v. *Adams,* 24 Fed. 348; *State ex rel.* v. *Longfellow* (Mo.), 69 S. W. 596; *Nail* v. *State,* 129 S. W. (Am. Ann. Cases 1912A), p. 1268.

The parts of the state's brief in this case relating to Mississippi Code, 1906, section 1430, and the decision in

*Roberts* v. *State,* 72 Miss. 114, are, we respectfully submit, beside the mark, because in this case the indictment does not in any way plead the affidavit upon which alone the prosecution can be based. The "balanced statement" mentioned in the indictment, disconnected from the affidavit thereto, cannot be made the basis of the prosecution.

The statute so far as it relates to perjury has been in force in this state since June 14, 1822. Hutchinson's Code, p. 939, sections 40, 41. It was in force in 1858 when the *Copeland case,* 23 Miss. 257, was decided. To reverse the judgment in this case will require that the Copeland case be reversed.

We ask an affirmance of the judgment of the court below.

ETHRIDGE, J., delivered the opinion of the court.

This is an appeal by the state from a judgment of the circuit court of Attala county sustaining a demurrer to an indictment filed against Kelly for perjury. The indictment reads as follows:

"The grand jurors of the state of Mississippi, taken from the body of good and lawful men of said county, elected, impaneled, sworn, and charged to inquire in and for the county aforesaid, at the term aforesaid, of the court aforesaid, in the name and by the authority of the state of Mississippi, upon their oaths present that R. E. Kelly in said county, on the 23d day of October, A. D. 1913, being the assistant cashier of the C. C. Kelly Banking Company, a corporation legally chartered under the laws of the state of Mississippi, and doing a general banking business, and receiving the deposits of the money and other valuable things of other persons, domiciled in the city of Kosciusko, in said county and state, as aforesaid, and he, the said R. E. Kelly, in making a certain report to the auditor of public accounts of the state of Mississippi, as required by the laws of the state of Mis-

sissippi, for said C. C. Kelly Banking Company, known as a balanced statement on a blank form furnished by said auditor of public accounts of the state of Mississippi as aforesaid, of the condition of the said C. C. Kelly Banking Company, and showing the resources and liabilities thereof and the amount of indebtedness to the said C. C. Kelly Banking Company which was owing to it by its directors, stockholders, and officers and then and there being duly sworn by E. L. Ray, a notary public in and for the city of Kosciusko in said county and state, who was then and there duly authorized to administer oaths; it thereupon became and was a material matter to be reported to the said auditor of public accounts in said statement, the amount of money owing to the said C. C. Kelly Banking Company, by the directors thereof, and to this the said R. E. Kelly, in said statement, before said E. L. Ray, notary public, as aforesaid, who was then and there duly authorized to administer oaths as aforesaid, then and there willfully, unlawfully, feloniously, corruptly, and knowingly, did make oath that there was owing to the said C. C. Kelly Banking Company, the sum of fifty-nine thousand, one hundred sixty-four dollars and twenty-four cents, whereas in truth and in fact, as the said R. E. Kelly then and there well knew, there was at that time owing to the said C. C. Kelly Banking Company, by its directors, a great deal more than the said sum of fifty-nine thousand and one hundred sixty-four dollars and twenty-four cents.

"And so the grand jurors, as aforesaid, upon their oaths as aforesaid, do say that the said R. E. Kelly, before the said E. L. Ray, notary public, as aforesaid, being sworn as aforesaid, and in manner and form as aforesaid, and by his own act and consent, falsely, willfully, unlawfully, and feloniously did commit willful and corrupt perjury contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Mississippi."

The demurrer presents many separate grounds, but is in substance confined to about six propositions:

First. The indictment is fatally defective because it fails to show that the auditor of public accounts made the requisition on the bank for the statement in question.

Second. That the indictment is fatally defective because it does not charge that the statement was rendered to the auditor of public accounts and does not charge that it was intended to be rendered to the auditor or that it ever passed from the custody of the defendant.

Third. The indictment fails to charge that the false oath was by affidavit or that it was in writing.

Fourth. That the indictment is bad because it fails to show wherein the oath or affidavit was false.

Fifth. The indictment does not charge with sufficient certainty that the auditor of public accounts demanded of the bank the statement as provided by law, nor does it charge in any way that the blank forms of such statement were furnished in duplicate by the auditor.

Sixth. The indictment is bad because it fails to charge that the defendant was an officer of the bank.

As to the first ground, the indictment charges that the perjury was committed by Kelly in making a certain report to the auditor of public accounts of the state of Mississippi, as required by the laws of the state of Mississippi. This statement is required by chapter 111 of the Laws of 1908, which reads, as far as is material to this inquiry, as follows: Every bank and every person, corporation, or association of persons receiving money on deposit, or buying, issuing, or selling exchange, or otherwise doing a banking business, shall make a balanced statement under oath of the owner, or one or more officers of the bank, to the auditor of public accounts, at least four times in each year, of the condition of the bank and the amount of indebtedness to the bank which is owing by its owners or stockholders, officers, and directors, on a blank form prescribed by the auditor in dupli-

cate. And then provides that, after this statement is examined and found correct by the auditor, it shall be published within ten days by the bank in a newspaper published in the county. The allegation of the indictment that, in making a report to the auditor of public accounts of the state of Mississippi, as required by the laws of the state of Mississippi, necessarily means the report required by this act, and that carries with it an allegation that demand was properly made, etc. And it is not necessary to set out in detail the things that the auditor and the appellee did that were required by the act.

In reference to the second point made, the same portion of the indictment which charges that an affidavit was made in making a certain report to the auditor of public accounts for the state of Mississippi, as required by the laws of the state of Mississippi, is sufficient to charge that the report was made and delivered to the auditor.

The third ground, that the indictment is fatal because it fails to charge that the alleged false oath was made by affidavit or in writing, is sufficiently charged in the indictment; the indictment charging that the report made to the auditor of public accounts "as required by the laws of the state of Mississippi" known as the "balanced bank statement" on a blank furnished by the said auditor of public accounts and that he was then and there duly sworn, etc., and it thereupon became and was a material matter to be reported to the auditor of public accounts in said statement, shows that the oath was made in said statement, which, under the law, was required to be in writing, and which, under the allegations of the indictment, was "made as required by the laws of the state of Mississippi."

In regard to the fourth ground, "that the indictment is bad because it fails to show wherein the oath of the affidavit was false:" The indictment charges that it thereupon became and was a material matter to be reported, the amount of money owing to the said C. C. Kelly Banking Company by the directors thereof and to this

the said R. E. Kelly in said statement before E. L. Ray, notary public, then and there willfully, unlawfully, feloniously, corruptly, and knowingly did make oath that there was owing to the said C. C. Kelly Banking Company the sum of fifty-nine thousand and one hundred sixty-four dollars and twenty-four cents, whereas in truth and in fact the said R. E. Kelly then and there well knew there was at that time (that is to say, at the time of making the affidavit) owing to the said C. C. Kelly Banking Company by its directors a great deal more than the sum of fifty-nine thousand and one hundred sixty-four dollars and twenty-four cents, and charging that the grand jury ''do say that said R. E. Kelly, etc., in the manner and form aforesaid, by his own act and consent, falsely, willfully, unlawfully, and feloniously did commit willful and corrupt perjury,'' etc. In other words, Kelly swore as charged in the indictment that the directors were owing the bank fifty-nine thousand and one hundred sixty-four dollars and twenty-four cents, when at the time he well knew that in truth and in fact the said directors in reality owed more, a great deal more, than the said sum. This plainly alleges that the affidavit was false in stating that the amount owed was fifty-nine thousand and one hundred sixty-four dollars and twenty-four cents, when in fact much more than that was really owing. It is manifest from the indictment that the affidavit alleged to be false said in the statement that the amount really owing by the directors was in the sum of fifty-nine thousand and one hundred sixty-four dollars and twenty-four cents, and that Kelly, knowing that this debt was much larger, deliberately, willfully, and corruptly swore it was a less sum than it really was.

The fifth contention is covered by the allegation that the report made and sworn to was made to the auditor of public accounts as required by the laws of the state of Mississippi and known as the balanced statement on

blanks furnished by the auditor of public accounts sufficiently charges that a demand was made by the auditor.

The sixth ground, that the indictment is bad because it fails to charge that the defendant was an officer of the bank is without merit. If an assistant cashier is not an officer, then what is he? He was discharging the functions imposed by the law upon an officer and was doing this on behalf of the bank, discharging the duty imposed upon the officers of the bank; and we think it manifest, that, if the bank was indicted for failure to make the report, it would not be subject to prosecution if its assistant cashier had made the report. An assistant cashier performs the duties of the cashier, and he does not do this as an employee of the cashier, but he does it because he has been elected to represent the bank itself in the discharge of those functions which ordinarily the cashier performs in small banks but is unable to do in the larger bank, or when, for any reason, the cashier cannot be at the bank during the banking hours to perform this work. The indictment in this case is predicated under section 1318 of the Code of 1906, which reads as follows:

"Every person who shall willfully and corruptly swear, testify, or affirm falsely to any material matter under any oath, affirmation, or declaration legally administered in any matter, cause, or proceeding pending in any court of law or equity, or before any officer thereof, or in any case where an oath or affirmation is required by law or is necessary for the prosecution or defense of any private right or for the ends of public justice, or in any matter or proceeding before any tribunal or officer created by the Constitution, or by law, or where any oath may be lawfully required by any judicial, executive, or administrative officer, shall be guilty of perjury, and shall not thereafter be received as a witness to be sworn in any matter or cause whatever, until the judgment against him be reversed."

Section 1434 of the Code provides that:

"In an indictment for perjury it shall be sufficient to set forth the substance of the offense charged upon the defendant—that he was sworn or testified on oath, and before what court, or before whom the oath or affirmation was taken; averring the court or person to have had competent authority to administer the same, together with proper averments to falsify the matter wherein the perjury is assigned, without setting forth the bill, answer, information, indictment, declaration, or any part of any record or proceeding, either in law or equity and without setting forth the commission or authority of the court, or the commission or authority the person before whom the perjury was committed."

We think the indictment was sufficient to charge the offense under our statutes, and that the judgment of the court below in sustaining the demurrer was reversible error, and the judgment will be reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*