## THE STATE v. MIKE RUDDY, Appellant.

Division Two, March 19, 1921.

1. **INDICTMENT: Perjury: Materiality of Question.** At common law, a general allegation in an indictment for perjury that the question asked the witness in an investigation before a grand jury was material was insufficient, but it was necessary that it state facts showing its materiality; but under the statute (Sec. 3132, R. S. 1919) such general allegation is sufficient, and it is only necessary to allege that the matter or testimony alleged to be false was material to a certain matter or issue named, without setting forth the particular facts showing its materiality.

2. ———: ———: **Explicit Charge: Statute of Jeofails.** Where the question asked of Ruddy by the grand jury was, "Have you been in the home of Jim Benvenetto and Sadie Benvenetto within the last twelve months?" an indictment charging that "whereas, the said grand jurors charge that in truth and in fact the said Mike Ruddy had been frequently in the said house in which the said

State v. Ruddy.

Jim Benvenetto and Sadie Benvenetto had lived for the past twelve months" and that "the said Mike Ruddy at the time of giving said testimony well knew that on several occasions within the last twelve months he had gone into the said house in which said Jim and Sadie Benvenetto were then and there so living," while it does not specifically allege that Ruddy had been in the house of the Benvenettos, but only in the house in which they lived, and does not positively allege that he had been in the house where they lived, but only knew he had been there, is sufficient under and its defects are cured by the Statute of Jeofails (Sec. 3908, R. S. 1919), which declares that no indictment shall be deemed invalid for omissions or irregularities "for. want of an allegation of the time or place of any material fact, when the time and place have once been stated," nor "for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant." The indictment does fail to contain an allegation of "the time or place of a material fact," and it has a "defect or imperfection" similar in character to such omission, and these defects are cured by the statute. So also had "the time and place once been stated in the indictment" in this case.

3. **PERJURY: Evidence: Materiality.** Where the grand jury was inquiring whether intoxicating liquors had been unlawfully sold at the house of Jim and Sadie Benvenetto, a question asked of Ruddy whether he had been in said house within the last year was material, and a false answer constituted perjury. A case may be built up step by step, and one of the steps in making out the case of unlawful sale of intoxicating liquor at said house was to show that the witness visited the place where the liquor was being sold, and if he denied being there it was useless to ask him if he saw the sale of it.

Appeal from Adair Circuit Court.—*Hon. James A. Cooley*, Judge.

AFFIRMED.

*W. F. Frank* for appellant.

(1) Motion to quash the indictment should have been sustained. (a) For the reason that the indictment does not contradict the alleged false testimony of the defendant. There is no special averment negativing the matter set out in the indictment. (b) Because it does not appear from the face of the indictment that the alleged false testimony was material to the investigation being

conducted by the grand jury, and because no facts are set out from which the court could determine the materiality of the alleged false testimony. State v. Coyne, 214 Mo. 344; Kelley's Crim. Law (3 Ed.) sec. 828; State v. Morgan, 225 S. W. 130. (2) Defendant's instruction in the nature of a demurrer to the evidence should have been given, because the State's evidence did not show that the alleged false testimony was material to the investigation being conducted and because the evidence did not show whether or not defendant's presence in the house in question was material to the investigation being conducted. State v. Holden, 48 Mo. 93; State v. Keel, 54 Mo. 182. (3) Defendant's presence in the house in question would not be material unless he, while there, learned some fact bearing on the question as to whether or not the parties living in the house were selling intoxicating liquor illegally. If defendant while in said house learned such facts it should have been alleged and proven. Where the materiality depends upon a number of facts it becomes a mixed question of law and fact to be submitted to the jury with proper instructions. 22 Am. & Eng. Enc. Law, 688. (4) Members of the grand jury who found the indictment against accused should not have been permitted to testify to anything except what accused said in the grand jury room before them. R. S. 1909, sec. 5086; State v. Thomas, 99 Mo. 235; State v. Whelehon, 102 Mo. 17. (5) Instruction one, given at the request of the State, should not have been given, because it authorized the jury to convict defendant, if they found that accused had been in the house in question within twelve months prior to January 22, 1919, when the information does not charge that accused had been in said house within said period of time. The instruction injects an issue into the case not made by the indictment.

*Frank W. McAllester,* Attorney-General, and *Henry B. Hunt,* Assistant Attorney-General, for respondent.

(1) The motion to quash the indictment was properly overruled, as the indictment is sufficient in form

and substance.  (a)  The indictment contains a sufficient allegation relative to the adoption and existence of the Local Option Law in Adair County, outside the City of Kirksville. Art. III, Chap. 63, R. S. 1909; State v. Searcy, 39 Mo. App. 399; State v. Searcy, 46 Mo. App. 427; State v. Zehnder, 182 Mo. App. 167; State v. Dugan, 110 Mo. 143; State ex rel. v. Robertson, 262 Mo. 619.  (b)  Said indictment sufficiently alleges the court and term; the summoning and impaneling of the grand jury; that George Leavitt was the foreman of said grand jury and had lawful authority to administer an oath; that said grand jury on the 22nd day of January, 1919, at and during the January Term, 1919, of the Adair County Circuit Court, being duly sworn and charged to inquire within and for the body of the County of Adair, had under investigation certain alleged violations of the Local Option Law; that on said 22nd day of January, 1919, appellant was sworn by said foreman as a witness before said grand jury; that it was a material question whether said appellant had entered the dwelling of Jim and Sadie Benvenetto within twelve months prior to said January 22nd, they, the said Benvenettos, then and there being under investigation relative to their alleged sales of intoxicants at their dwelling in Adair County, Missouri outside the City of Kirksville, within said twelve months; that appellant denied being in said dwelling during the period aforesaid; the assignment of perjury. Sec. 4344, R. S. 1909; Sec. 4350, R. S. 1909; State v. Ackerman, 214 Mo. 327; State v. Faulkner, 175 Mo. 553, 565; State v. Faulkner, 185 Mo. 679; State v. Walker, 194 Mo. 376; State v. Gordon, 196 Mo. 198; State v. Nelson, 146 Mo. 259.  (c)  The indictment properly alleges the materiality of the issue with reference to which perjury was assigned. Appellant's demurrer was properly overruled. Sec. 4350, R. S. 1909; State v. Powers, 136 Mo. 196; State v. Nelson, 146 Mo. 261, 264; State v. Walker, 194 Mo. 370, 376; State v. Gordon, 196 Mo. 198; State v. Cave, 81 Mo. 454.  (2)  The trial court did not err in permitting members of the grand jury who returned the indictment

at bar, to testify that numerous complaints had been made to the grand jury that the Benvenettos had been selling intoxicants in violation of the Local Option Law; and that said grand jury was investigating said complaints. Sec. 5069, R. S. 1909; Sec. 4350, R. S. 1909; Sec. 5086, R. S. 1909; Kelley's Crim. Law, Sec. 163; State v. Ackerman, 214 Mo. 332; State v. Faulkner, 175 Mo. 556; State v. Thomas, 99 Mo. 260. (3) The trial court did not err in permitting the foreman of said grand jury to read from ''Kelley's Criminal Law and Practice'' the oath he administered to appellant. Sec. 5070, R. S. 1909; 30 Cyc. 1446, 1450; Sec. 6353, R. S. 1909; State v. Bennett, 102 Mo. 373; Kelley's Crim. Law, sec. 149. (4) Error was not committed, in permitting members of said grand jury to testify that appellant was repeatedly asked the question with reference to which perjury was assigned. State v. Blize, 111 Mo. 473. (5) The question with reference to which perjury was assigned was a material question, and the evidence so shows. State v. Ackerman, 214 Mo. 332; State v. Jennings, 278 Mo. 552; State v. Hardiman, 277 Mo. 223. (6) A general assignment of error with reference to instructions presents nothing for review. State v. Rowe, 271 Mo. 94; State v. McBrien, 265 Mo. 605; State v. Selleck, 199 S. W. 130.

WHITE, C.—The appellant in the Circuit Court of Adair County, was convicted of the crime of perjury, and his punishment assessed at two years' imprisonment in the penitentiary.

He was charged with having sworn falsely in a matter pending before the grand jury of Adair County. At the January term, 1919 of the circuit court of that county, a grand jury had under investigation violations of the Local Option Law. It was admitted that the Local Option Law was in force in Adair County, outside the City of Kirksville. Complaints had been made to the grand jury that Jim Benvenetto and Sadie Benvenetto, within a year before the investigation was made, had been selling liquor at their home in the City of Novinger

in Adair County, outside the corporate limits of the City of Kirksville. The defendant was brought before the grand jury, sworn, and asked this question:

"Have you been in the home of Jim Benvenetto and Sadie Benvenetto in the City of Novinger in Adair, County, Missouri, within the last twelve months?" Ruddy answer the question, "No." Several members of the grand jury testified that he was several times asked the question and answered it in that manner. Four witnesses testified to having seen the defendant go into the Benvenetto home at various times between January 22, 1918, and January 22, 1919—the day on which the question was asked.

The assignments of error on which the appellant seeks a reversal relate to the sufficiency of the indictment and the evidence offered, showing the materiality of the question, which brought the alleged false answer.

I. It is first claimed that the indictment does not allege with particularity any facts which would show it was material to the matter under investigation whether

Indictment. Mike Ruddy visited the home of the Benvenetto's or not. The indictment, which is too long to quote in full, after setting forth the facts showing the Local Option Law in force, the empaneling and organization of the grand jury, the oath administered to the defendant, and the nature of the investigation which was in progress, contains this statement:

"That after the said oath had been so duly administered and while the said Mike Ruddy was then and there before the said grand jury, duly sworn as aforesaid, it then and there became and was a material question whether the said Mike Ruddy had in truth and in fact entered the dwelling house in which the said Jim and Sadie Benvenetto live and have lived during the last twelve months in the City of Novinger in Adair County, Missouri, and outside the corporate limits of the said City of Kirksville."

At common law the general allegation that the question was material would have been insufficient; facts

to show the materiality of the evidence had to be alleged. [State v. Keel, 54 Mo. 182.] But the statute has simplified the form of indictment in such cases. Section 3132, Revised Statutes 1919, specifies what shall be required in an indictment for perjury; as to the materiality of the false statement it is required to state only:

"That the matter or testimony alleged to be false was material to a certain matter or issue named, without setting forth the particular facts showing this materiality."

The statute settles that question against the contention of the appellant. [State v. Rhodes, 220 Mo. l. c. 13.]

II. It is further claimed that the "assignment of perjury" in the indictment is insufficient; that is, that the indictment does not sufficiently, explicitly and directly state the truth of the matter about which the alleged false testimony was given. The indictment contains the assignment of perjury in the following language (For convenience we arrange it in two paragraphs):

Indictment.

(a) "Whereas, the said grand jurors charge that in truth and in fact the said Mike Ruddy had been frequently in the said house in the City of Novinger, Adair County, Missouri, and outside the corporate limits of the City of Kirksville, in which the said Jim Benvenetto and Sadie Benvenetto have lived for the past twelve months;" and

(b) "the said Mike Ruddy at the time of giving said testimony well knew that on several occasions within the last twelve months he had gone into the said house in which the said Jim and Sadie Benvenetto were then and there so living in the said City of Novinger, Adair County, Missouri, and outside the corporate limits of the said City of Kirksville."

It is urged by appellant that the first part of the statement (a) does not aver that Mike Ruddy had been in the house of the Benvenettos within twelve months; it alleges only that he had been in the house where they had lived for the last twelve months, without a specific

allegation that he was there at the time they were living there; and the latter part, (b) alleges only that Ruddy *knew* he had been there within that time, which would not satisfy the requirement of the common-law rule that all averments must be made positively and directly and not inferentially.

As to the first part of the assignment (a):

The Statute of Jeofails in regard to criminal indictments, Section 3908, Revised Statutes 1919, provides that an indictment or information shall not be deemed invalid for certain omissions and irregularities, among others, "for want of an allegation of the time or place of any material fact, when the time and place have once been stated in the indictment or information."

The section concludes with this language: "Nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits; provided, that nothing herein shall be so construed as to render valid any indictment which does not fully inform the defendant of the offense of which he stands charged."

"Any other defect or imperfection" is held to mean those of character similar to the ones enumerated. The trouble with the assignment of perjury is that it fails to contain an allegation of "the time or place of a material fact," or has a "defect or imperfection," similar in character to such omission. It comes within the curative provisions of the Statute of Jeofails. Further, the condition that "time and place had once been stated" in the indictment, as required by the statute, is met. Such time and place had been stated once in the passage quoted (b). It is also stated in another place in the indictment, as follows:

"And that the said grand jurors had been informed and advised that the defendant Mike Ruddy within the last twelve months had been a frequent visitor at the said house, in the said City of Novinger, Adair County, Missouri, and outside the corporate limits of the said City of Kirksville wherein the said Jim Benvenetto and said

Sadie Benvenetto lived and where they lived during the last twelve months; and where the said Jim Benvenetto and Sadie Benvenetto, as the grand jurors believe, kept and sold intoxicating liquors within the last · twelve months."

A reasonable conclusion from the provisions of the statute is that the omission directly to state Ruddy's visits were within the last twelve months is fully cured because the fact sufficiently appears, and the indictment did "fully inform the defendant of the offense of which he stands charged."

Further, the latter passage quoted (b) to the effect that Mike Ruddy at the time of making the false statement, "well knew that on several occasions within the last twelve months he had gone into said house," etc., is technically no part of the assignment of perjury, but a necessary allegation to show defendant's knowledge that his testimony was false.

Yet, the Court of Appeals of New York, in People v. Clements, 107 N. Y. 205, held that such an allegation was sufficient assignment of perjury, using this language at page 209:

"The objection now made to the indictment is that the indictment does not, in direct terms, aver that the statements contained in the report, and in respect to which perjury is assigned, were as a matter of fact, untrue, but only that the defendant well knew them to be untrue, and well knew them to be otherwise than as stated in the report. . . . But giving full effect to the proposition that it was necessary to negative the facts which the defendant swore to on information and belief, we think the indictment did in substance contain such a negative. It averred, in the first place, that the defendant had at the time full and certain knowledge as to the real and true condition of the bank in respect to the matters in question, and that he well knew that the facts were other than as stated in the report, and well knew that the statements in the report were false. It logically follows that these averments amount to an allegation that the statements

State v. Ruddy.

were false. His knowledge as to the matters stated being full and certain, he could not know the statements to be false unless they were so."

The court then calls attention to the common-law rule that allegations should not be argumentative, but holds that "a pleading is deemed to allege what can only, by fair and reasonable intendment, be implied from the facts stated."

The same rule as to inferential assignment of perjury has been announced in other jurisdictions. [State v. Kelly, 113 Miss. 461, 1. c. 472-3; Blakey v. Commonwealth, 209 S. W. (Ky.) 516; Gregorat v. United States, 249 Fed. 470; Hardwick v. United States, 257 Fed. 505, 1. c. 508; See Moore v. State, 124 Am. St. 652, where the matter is treated at length in copious notes, pp. 671-675.]

In Vermont and Arkansas it is held that an inferential statement of the facts constituting the assignment of perjury is sufficient though presented in another form. In State v. Smith, 63 Vt. 201, the perjury charged was that the defendant swore he saw Fuller sign a certain paper; the assignment of perjury was that Fuller didn't sign the paper. A direct assignment of perjury would have made it necessary to aver that the defendant didn't see Fuller sign the paper. Of course on proof that Fuller did not in fact sign it the necessary inference followed that the defendant could not have seen him sign it. It was held the inferential assignment of perjury was sufficient. See also to same effect, Atkinson v. State, 202 S. W. (Ark.) 709; Lewis v. State, 78 Ark. 567; Smith v. State, 91 Ark. 200.

This court has never passed upon the question under consideration. It has consistently adhered to the rule that all averments in an indictment must state the facts constituting the offense directly, and not inferentially; but we find no ruling in this State and discover no reason why the inferential statement, as approved in the cases last cited, is not sufficient where the defendant is fully apprised of the charge he must meet and can suffer no injustice or inconvenience from the manner of stating it.

Here again the Statute of Joefails would work a cure, for it is an imperfect statement of "the time of a material fact" which elsewhere in the indictment has been stated. The assignment of perjury was sufficient.

III. Appellant further claims that even if the indictment sufficiently alleges the materiality of the evidence, as shown in Paragraph I of this opinion, the evidence is not sufficiently specific to show that it was material whether Ruddy visited the Benvenetto house or not. He argues that it would be necessary to show he visited the house when booze was being sold there.

Greenleaf in his work on Evidence (16 Ed.), vol. 3, sec. 195, says:

"115. *Materiality.* As to the materiality of the matter to which the prisoner testified, it must appear either to have been directly pertinent to the issue or point in question, or tending to increase or diminish the damages, or to induce the jury or judge to give readier credit to the substantial part of the evidence. But the degree of materiality is of no importance; for, if it tends to prove the matter in hand, it is enough, though it be but circumstantial."

This court several times has had before it for consideration the question of materiality of evidence claimed to be perjured. In an early case, State v. Lavalley, 9 Mo. 834, l. c. 837, this court said:

"False oaths taken and which are material upon any and every collateral issue in the progress of a cause, are equally punishable as if taken upon the trial of the main issue. As in the case in I Hawk. P. C. 320, where it is said that 'any false oath is punishable as perjury which tends to mislead the court in any of their proceedings relative to a matter judicially before them, though it in no way affect the principal judgment.' "

Likewise in the case of State v. Wakefield, 73 Mo. 549, l. c. 554, this court said:

"Whether all the links in the chain of circumstantial evidence necessary to its completion are supplied or not,

a witness who has sworn falsely in regard to any link is as guilty as if the evidence fully supplied that and any other parts. *A criminal charge is proved step by step.*" (Italics ours.)

This passage is quoted in a later case, State v. Jennings, 278 Mo. 1. c. 552.

This court also said in State v. Moran, 216 Mo. 1. c. 561:

"It does not follow, because the matter testified to is not specially concerning the acts of the defendant in the commission of the offense, that such matter might not be made a subject upon which a charge of perjury might be predicated, if such matter is material."

Where the testimony alleged to be false is material to any proper matter of inquiry in the case and is uttered by the witnesses with knowledge of its falsity, it is perjury, though it may not tend directly to prove the issue. [State v. Hardiman, 277 Mo. 1. c. 233.]

If it were necessary that the witnesses should have seen the Benvenettos actually selling liquor in their home, then the case would be entirely made out by his testimony alone. A case sometimes must be built up "step by step." It was one of the steps in making out a case to show that the witness visited the place where liquor was being sold. It was another step to show that he saw it being sold. Of course, if he denied being at the place it was useless to ask him what he saw there. Whether or not he was there was material to the matter under investigation. In the case of Smith v. State, 91 Ark. 200, the facts are very similar to the facts in this case.

The defendant was fully apprised of the charge which he must be prepared to meet; he had a fair trial upon the merits of his case and was convicted upon sufficient evidence to sustain a verdict. The judgment is affirmed. *Railey* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion by W̄HITE, C., is adopted as the opinion of the court. All of the judges concur, except *Higbee, P. J.,* not sitting.