## THE STATE v. MURT NORRIS, Appellant.

Division Two, February 23, 1923.

1. **PERJURY: Sufficient Evidence.** The appellate court does not pass upon the weight of the evidence; it simply determines whether substantial evidence warranting the jury to convict defendant was produced at his trial, and whether he was legally convicted. And in this case where defendant was convicted of perjury for having sworn, in his trial upon a charge of having distilled and manufactured whiskey at a certain house and on a named date, that he did not make or help make any whiskey at said time and place, the evidence is reviewed, and held to be amply sufficient and substantial to sustain a verdict of guilty.

2. ———: **Evidence: Cross-Examination at Former Trial: Self-Incrimination.** Where defendant was being tried for unlawfully manufacturing whiskey for beverage purposes and voluntarily testified in his own behalf, his cross-examination at that trial, as preserved and produced under oath by the official reporter, is competent in his subsequent trial of the crime of perjury committed at such former trial; and the provision of the Constitution prohibiting the compelling of an accused to testify against himself has no application to such cross-examination, for having been voluntary its production by the State in the perjury trial is not compelling him to testify against himself.

3. ———: **Instructions.** All the instructions given in the trial of appellant of the crime of perjury, both for the State and for him, are set out in the opinion, and it is *held*, that if any error was committed in the giving of them it was error against the State, and not error against appellant, and therefore he cannot complain.

4. ———: **Making Whiskey on a Particular Night.** Where the evidence amply shows that whiskey was being made at a certain house, that the house was equipped with the necessary apparatus and supplied with the ingredients generally used in making whiskey, that defendant and two others were present and all had been engaged in making whiskey when the sheriff and other officers on a certain night visited and searched the house, and that the boiler was on the stove and boiling when the officers arrived, testimony by defendant on his subsequent trial that he neither

made nor helped make whiskey "there that night" was perjury, and authorized a verdict finding him guilty of having sworn falsely.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Clyde C. Cope* and *J. J. Cope* for appellant.

(1)  The verdict is against the evidence, against the weight of the evidence, and against the law under the evidence.  (2)  The court will notice that the defendant testified that he did not make any whiskey, that night. No direct testimony came from the lips of any witness that defendant did make any whiskey the night of February 4, 1921.  There is not even any circumstantial evidence that he made any whiskey that night.  Circumstances pointed toward the theory that Harrison Edwards's home had been and probably would again be used for that purpose, but the sheriff and all his deputies testified that when they got there about 8:30 p. m. no whiskey had yet been made.  The prosecuting attorney testified in effect that defendant had admitted to him that he had made whiskey over at Harrison Edwards's house but that he did not say what time or what date he made it. He had been charged in the information with making it on the 4th day of February, 1921, but of course he was tried for having made it any time within one year previous to the filing of that information.  But defendant in giving testimony in his own behalf only said that he did not make whiskey the night of February 4, 1921. (3)  The verdict of the jury found the defendant guilty of wilful and corrupt perjury in swearing and testifying that he did not at the house of Harrison Edwards, on the 4th day of February, 1921, make any whiskey.  Such a verdict is against the evidence.  Defendant never did in his whiskey trial testify that he did not make any

whiskey on the 4th day of February, 1921, but he did testify that he did not make any whiskey that night. Can defendant be convicted for perjury on that statement if he made whiskey at any time on the 4th day of February when he only testified that he did not make any that night? If so, it would be just as reasonable to permit a verdict to stand wherein a defendant is found guilty of testifying that he did not make any whiskey before noon when the testimony shows that he had only testified that he did not make any whiskey after noon. (7) The court erred in admitting incompetent, irrelevant and immaterial evidence offered by the State, over the defendant's objections. The court stenographer, was permitted, over defendant's objections, to read to the jury all the testimony given by the defendant in the trial of his whiskey case. Defendant did not object to the introduction of such portion of his testimony as was made the basis of this prosecution as laid in the information filed by the prosecuting attorney. However, we did object to the reading of any part of his cross examination as there was not a single part of it material to the issues in this perjury trial. The introduction of this testimony was in effect compelling the defendant to testify against himself in his perjury trial, a thing prohibited by our constitution. Art. 2, sec. 23, Mo. Constitution. (5) The court erred in not instructing the jury correctly as to the law in this case, and particularly in giving instructions numbered one and three on behalf of the State. (a) The term "corroborative evidence" should always be defined to the jury in the instructions of the court. State v. Hunter, 181 Mo. 337. (b) The instruction should have required the State to prove the falsity of defendant's statement by at least one credible witness testifying directly, aside from any admissions or statements made by the defendant himself. The instructions should also have told the jury they could not take into consideration confessions or admissions of the defendant in determining whether or not there was sufficient corroboration of the falsity of defendant's evidence. State v. Thornton, 245 Mo. 444; State v. Hunter, 181 Mo.

337.  (c)   Instructions 1 and 2 given for the State told the jury that if they found from the evidence that defendant made whiskey on the 4th day of February, 1921, then they should find defendant guilty of perjury.  Defendant never did testify that he did not make whiskey on the 4th day of February; but he did testify that he did not make any that night.   (d)   In prosecutions for the making of a corrupt voluntary oath, there cannot be a conviction on the testimony of a single witness, unless such testimony is corroborated sufficiently to overcome the oath of the accused and the presumption of his innocence. State v. Miller, 44 Mo. App. 159; State v. Blize, 111 Mo. 469.  In this case not a single witness was able to testify of his own knowledge that the defendant had committed perjury or testified falsely.  Even if defendant had admitted to the prosecuting attorney that he actually made whiskey at Harrison Edwards's home on the 4th day of February, 1921, this would not be sufficient to convict him of perjury in the absence of evidence *aliunde* which would show the perjury independent of such admission. State v. Hunter, 181 Mo. 339; State v. Blize, 111 Mo. 470.

*Jesse W. Barrett,* Attorney-General, and *J. Henry Caruthers,* Assistant Attorney-General, for respondent.

(1)   It was not error to permit the court reporter to read the entire testimony given by appellant in the liquor trial.  2 Wharton's Crim. Ev. (10 Ed.) 1101;  Hereford v. People, 197 Ill. 238.   (2)   While the instructions are possibly not as clear and explicit as they might have been, yet when taken and read together as a whole, the necessary declarations of law were given the jury, applicable to the facts in this case.  State v. Moran, 216 Mo. 560.   (3)   The testimony was sufficient to raise an issue for the jury and amply supports the verdict.  State v. Arnett, 210 S. W. 83; State v. Long, 257 Mo. 208; State v. Hembree, 242 S. W. 914;  Smith v. State, 91 Ark. 200; Brown v. State, 243 S. W. 867; Milloway v. State, 240 S. W. 718; Burns v. State, 241 S. W. 880.   (4)   The falsity

of appellant's testimony in his trial for making whiskey was established by three witnesses, to-wit, the sheriff and his two deputies, together with the still, mash, and moonshine liquor and appellant's conduct during the search and admission subsequent to his conviction. State v. Hunter, 181 Mo. 334; State v. Hardiman, 209 S. W. 880.

RAILEY, C.—On April 5, 1922, the Prosecuting Attorney of Dent County, Missouri, filed in the office of the clerk of the circuit court of said county his verified information, charging the above named defendant with the crime of perjury. He was arraigned, entered a plea of not guilty, tried before a jury, and, on April 6, 1922, the following verdict was returned:

"'We, the jury, find the defendant guilty of wilful and corrupt perjury, in swearing and testifying before a jury, before whom he was being tried in the Circuit Court of Dent County, Missouri, on the 12th day of April, 1921, for making whiskey, that he did not, at the house of Harrison Edwards, on the 4th day of February, 1921, make any whiskey, and we assess his punishment at imprisonment in the State Penitentiary for a term of two years.''

The defendant herein filed motions for a new trial and in arrest of judgment on April 6, 1922, both of which were overruled. Thereafter, on the same day, the court sentenced him, and entered judgment in accordance with the verdict aforesaid. From said judgment, an appeal was taken to this court.

The evidence in behalf of the State tends to show, in substance, that on April 12, 1921, there was pending in the Circuit Court of Dent County, Missouri, an information in proper form filed by the prosecuting attorney of said county against this defendant, Murt Norris, in which he was charged with the crime of distilling and manufacturing whiskey for beverage purposes in Dent County aforesaid, on February 4, 1921; that on said 12th day of April, 1922, the defendant herein was

tried under the information aforesaid before a jury, which returned the following verdict:

"We, the jury, find the defendant guilty as charged in the information, and assess his punishment at $200."

The defendant in his brief in this cause alleges that he paid the above fine.

Appellant was sworn as a witness in the whiskey case supra, and testified in his own behalf as follows:

"You are charged here now with the making of whiskey at his [Harry Edwards's] house on the evening of the 4th of February, 1921; did you make, or did you help make any whiskey there that night? A. No, sir, I didn't."

On cross-examination in the whiskey case, defendant testified that the sheriff and his assistants came to the residence of Harrison Edwards with a search warrant about nine o'clock at night on February 4, 1921, while he (the defendant) was there. The sheriff or his assistant knocked on the door two or three times and received no response. The premises were then searched by the sheriff and his assistants. When they began the search, this defendant and Ralph Edwards made a run for the cook room or kitchen where the cook stove was located. They were followed by the officers, who saw appellant herein throw something through the window which broke the glass of same. The windows were blinded with rugs or blankets. The evidence disclosed that defendant herein threw two one-gallon syrup bucket, a glass jug and two bottles through the window. One of the buckets contained a small amount of cheap grade whiskey, and the glass jug was about half full of the same kind of whiskey. The officers found a boiler sitting on the stove, and a barrel supported by improvised legs was sitting over an oil stove with some mash in it. On the stove was a boiler covered with a lid, to which was attached a copper coil which ran down through a barrel of water, and at the end of which was a small pan. There was a fire in the stove and the contents of the still were hot and boiling. In the northwest corner

of the room there were two barrels, which contained meal, raisins and water, which had fermented and were sour. The contents of the glass jug, and also the liquid in the bucket, smelled like whiskey. The still and the liquor were taken to the jail that night and put in a cell. Appellant and the two Edwardses were also lodged in jail. The next morning the door to the cell containing the still and liquor had been partially opened, the coil had been removed, hidden, and was never found by the sheriff. The boiler which had been brought to the jail about half full of mash had been punctured with some sharp instrument, and the mash which had run out on the floor of the cell, gave off a' sour and whiskey-like smell. The lid to the still was also bent. When the sheriff took defendants and the Edwardses their breakfast the next morning, the jug of liquor had not been disturbed, but when the sheriff returned for the breakfast dishes, he found that the jug had been moved in some way, closer to the cell occupied by defendant and the Edwardses. The jug of whiskey was taken to the sheriff's home, and while he and his wife were away, their house was broken into, the jug of whiskey taken, and they were never able to locate it.

It was shown by B. J. Flatt, an experienced distiller, that the equipment found in the Edwards house on the night in question, constituted a crude still, and that the mash found there was such as is made in producing and manufacturing whiskey; that the manner in which it was being boiled was one of the steps necessary in making whiskey; that the product from the first condensation contained about twenty-five per cent alcohol and was intoxicating.

Charles R. Hayes, Prosecuting Attorney of Dent County, on or about the 10th or 12th of September, 1921, was riding on a train from Des Moines, Iowa, to St. Louis, with appellant herein, and describes the conversation between them as follows:

"Now I was talking with Mr. Norris, the defendant. . . . I was talking to him about another case, and he

State v. Norris.

said, 'Well, I'll swear that I never had anything to do with it.' I was talking with him about a charge we had against him for stealing forty-nine automobile tires, and he said, 'I'll swear that I never stole those tires,' and I said, 'Murt, I don't doubt that, but that is what you swore about making whiskey over at Harrison Edwards's that night' and he says, 'Well I was making whiskey over there, but I'll be G—d if I stole those tires.' "

Appellant, in his own behalf, testified in substance, that his testimony given at the trial of the whiskey case, as detailed by the stenographer was correct; that he might have told Hayes on the train he tried to make a little moon-shine, but did not steal any casings.

The instructions and the rulings of the court during the trial will be considered, as far as necessary, in the opinion.

I.   It is contended by appellant, under his first assignment of error, that "the verdict is against the evidence, against the weight of the evidence, and against the law under the evidence." It is conceded in his brief, that, at the trial of the whiskey case, his attorney propounded to him the following question: 

Sufficient Evidence.

"Q.   You are charged here now with the making of whiskey at Harrison Edwards's house on the evening of the 4th of February, 1921; did you make, or did you help make any whiskey there that night?" His answer was: "No, sir, I didn't."

It is not the province of this court to pass upon the weight of the evidence, as this duty devolved upon the jury and trial court.   We are simply called upon to determine whether there was substantial evidence offered at the trial, which warranted the jury in convicting defendant of perjury; and whether or not he has been legally tried.   We have set out the substance of the evidence in the foregoing statement, and without the slightest hesitation find that there was ample evidence before the jury in this case tending to show that

on the night of February 4, 1921, defendant was found at the Edwards house, and that he did help make whiskey there that night. The testimony of the sheriff and his assistants, in connection with defendant's conduct, and the material which they found there for making whiskey at that time, together with the admission made by defendant to Mr. Hayes heretofore set out, furnished abundant proof upon which the jury were warranted in finding that he was engaged in helping to make whiskey on that night. He denied under oath, in the whiskey case, that he helped make whiskey at the Edwards house on the night of February 4, 1921. We are of the opinion that the jury in this case were fully justified from the evidence in finding that appellant committed perjury in testifying as above indicated. [State v. Hardiman, 277 Mo. 229, 209 S. W. 879; State v. Tedder, 242 S. W. l. c. 893-4; State v. Ruddy, 287 Mo. 52, 228 S. W. 760; State v. Clinkingbeard, 296 Mo. 25; Burns v. State, 241 S. W. 880; Milloway v. State, 240 S. W. 718; Brown v. State, 243 S. W. 867.]

II. The second assignment of error reads: "The court erred in admitting incompetent, irrelevant and Cross-Examination immaterial evidence offered by the State, at Former Trial. over the defendant's objections."

The above assignment was intended to cover the cross-examination of defendant in the trial of the whiskey case, which was presented to the jury in this case, by the stenographer who took down the testimony as official reporter in the whiskey case, and who testified as to its correctness. As a matter of fact, the stenographer under oath, gave to the jury herein all of the direct and cross-examination of defendant in the whiskey case. The only objection made by defendant to his cross-examination was in the following language: "We object to him [stenographer] reading the cross-examination in the case because it is not in issue in this case."

In appellant's brief, he gives as a reason for objecting to defendant's cross-examination, that it was in

effect compelling him to testify against himself in his perjury trial, a thing prohibited, he says, by Section 23 of Article 2 of our Constitution.   The defendant was sworn as a witness in the whiskey case, and testified that he did not make or help make any whiskey at the Edwards house on the night of February 4, 1921.   The cross-examination related to this subject, and was competent evidence against defendant.   He was not bound to testify in the case, but having voluntarily become a witness in his own behalf, the State had the legal right to cross-examine him as to his connection with the making of whiskey on the night of February 4, 1921.   The constitutional question sought to be injected into the case is without the slightest application.   The above assignment is without merit and overruled.

III.   Appellant in his third assignment of error suggests that the court erred in not instructing the jury correctly, and "particularly in giving instruction number one and instruction number three on the part of the State."   Only three instructions were given in behalf of the State, which read as follows:

Instructions.

"1.   The court instructs the jury that upon the trial of Murt Norris, in the Circuit Court of Dent County, Missouri, on the 12th day of April, 1921, the record of the judgment of which was read in evidence before you, and also copy of the information upon which the trial was had, it became and was a material question whether the defendant Murt Norris had, on the 4th day of February, 1921, in Dent County, Missouri, at the house of one Harrison Edwards, made any whiskey, and if you find and believe from the evidence that the defendant, Murt Norris, in Dent County, Missouri, on the said 4th day of February, 1921, did make whiskey at the house of Harrison Edwards, and if you further believe and find from the evidence that on the trial aforesaid of the cause of the State of Missouri against Murt Norris, tried in the Circuit Court of Dent County, Missouri, on

the 12th day of April, 1921, before a jury, upon the information aforesaid, the defendant, Murt Norris, was sworn as a witness on said trial, and in giving his testimony therein he wilfully, corruptly and falsely testified that he did not make any whiskey at the said house of Harrison Edwards at the time aforesaid, to-wit, February 4, 1921, you will find him guilty of perjury as charged, and assess his punishment at imprisonment in the state penitentiary for a term of not less than two years nor more than seven years.

"The term 'wilfully and corruptly,' as used in these instructions, means knowingly and intentionally false and with intent to deceive.

"2. To authorize a conviction of the defendant in this case the jury must find that the defendant made the statement as set out in the first instruction, that he did not make any whiskey at the house of Harrison Edwards on the 4th day of February, 1921, and that when he made said statement he was sworn as a witness on the trial of said cause, and that he made said statement wilfully and corruptly, and that it was false and known to him to be false at the time he made the same.

"3. The falsity of such statement must be established to your satisfaction beyond a reasonable doubt, either by the evidence or more than one credible witness, or by one such witness strongly corroborated by other evidence of facts or circumstances which convinces your mind of the truth of the testimony given by such witness, and you must be further satisfied that the testimony of such witness thus corroborated establishes the falsity of such statement beyond a reasonable doubt."

The court, on the part of defendant, gave to the jury instructions numbered 1, 2, 3, 4 and 5, which read as follows:

"1. The court instructs the jury that in determining whether the defendant did swear falsely in his trial as aforesaid, you should not take into consideration the fact that he was convicted on said trial.

State v. Norris.

"2. The court instructs the jury that you cannot convict the defendant for perjury upon circumstantial evidence alone.

"3. The court further instructs the jury that you cannot convict the defendant upon his admission or confession alone.

"4. The court instructs the jury that although you may believe from the evidence that the defendant admitted to the witness, Clifford Hayes, that he did make whiskey at the time and place for which he was being tried before a jury in the Circuit Court of Dent County, Missouri, on the 12th day of April, 1921, yet he cannot be convicted upon such statement alone, but in order to authorize a conviction there must be other evidence of facts or circumstances which corroborates the said admission and that satisfies you beyond a reasonable doubt without such admission, that he did make whiskey at the time and place for which he was being tried.

"5. The defendant is presumed to be innocent and this presumption remains until the State, by evidence, establishes his guilt to your satisfaction and beyond a reasonable doubt.

"If, therefore, upon a consideration of all the evidence, you have a reasonable doubt of the defendant's guilt you should give him the benefit of such doubt and acquit him, but to authorize an acquittal upon the ground of doubt alone it should be a reasonable doubt and not the mere possibility of the defendant's innocence."

The court also gave in behalf of defendant instruction numbered 6, in the usual form, relating to the credibility of witnesses. If any error was committed in giving the foregoing instructions, it was against the State, and not against the defendant. We are of the opinion, that the instructions given by the court contain no error of which defendant can legally complain.

IV. The appellant stands before this court on the plea that he did not commit perjury, because he only testified that he did not make or help make whiskey at

**Perjury.** the Edwards house on the night of February 4, 1921. He was found at the Edwards house on the night above mentioned, under circumstances which indicated that he was participating in the manufacture of whiskey. His conduct in becoming excited when the sheriff and his assistants suddenly appeared; his acts in hurling through the glass door or window the jar or jug containing a low grade of whiskey; his explanation as to his presence and conduct throughout, indicate that the Edwardses were using the material at hand to make whiskey and that defendant was helping them. They not only had the necessary apparatus for making whiskey, but also the ingredients which are generally used in making it. There were blinds in front of the window to prevent detection. There was not only mash, and a low grade of whiskey in the house, but the boiler containing mash was on the stove and boiling when the sheriff and his assistants arrived. The defendant admitted to Prosecuting Attorney Hayes that he was making whiskey at the Edwards house on the night of February 4, 1921. It appears from the evidence that Harrison Edwards was likewise convicted for making whiskey. With the foregoing facts before the jury, it is not astonishing that the defendant was found guilty of perjury. The conclusion reached by the jury in respect to defendant's guilt is clearly sustained by substantial testimony. He was given a fair and impartial trial, and, in our opinion, was properly convicted.

The judgment below is accordingly affirmed. *Reeves* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.