BROWN *v.* STATE.

Opinion delivered September 25, 1922.

1.  INDICTMENT AND INFORMATION—STATUTORY OFFENSE.—An indictment for a statutory offense, framed in the language of the statute, is ordinarily sufficient, unless other words are necessary to put the accused on notice of the charge involved.

2.  INTOXICATING LIQUORS—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to warrant a conviction under Acts 1921, No. 324, declaring it a crime to make mash for use in the distillation of spirits or for the manufacture of beer or wine.

3.  INTOXICATING LIQUORS—EVIDENCE.—In a prosecution for the illegal manufacture of mash for the making of intoxicating liquors, testimony of a search of defendant's home, made three months

after finding of mash in a nearby shanty, *held* admissible over the objection that the search was too remote in point of time from the finding of the mash.

4. CRIMINAL LAW—EFFECT OF ALLOWANCE OF APPEAL.—The allowance of an appeal in a criminal case suspends the judgment, and the incarceration of the defendant in the State Penitentiary during the pendency of the appeal is improper.

Appeal from Greene Circuit Court; *R. E. L. Johnson,* Judge; affirmed.

*Jeff Bratton,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

McCULLOCH, C. J. This is an appeal from the conviction of appellant of the statutory crime of making mash for distillation of spirits or for the manufacture of beer or wine. Acts 1921, p. 324.

There was a demurrer to the indictment on the ground that it failed to state a public offense, in that it was not alleged that the mash was made for use in the distillation of spirits or the manufacture of wine or beer. The charge was framed in the precise language of the statute itself, which is ordinarily sufficient unless other words are necessary to put the accused on notice of the charge involved in the indictment.

It is also contended, as grounds for reversal, that the evidence is not sufficient to support the judgment of conviction, but we are of the opinion that the evidence is abundant. Appellant resided in Greene County, and a certain quantity of mash fit for use in the distillation of spirits was found in a small shanty, or house, about two hundred yards distant from appellant's home. The shanty was near a levee and adjoined appellant's land, but, as a matter of fact, was on land said to be owned by the government, the markers indicating the line of the government's land being near the shanty itself. There was found in this shanty six barrels of mash in process of fermentation, and it was still warm from the process when appellant and two other persons were seen to come

from the shanty, and the officers went in and examined it. They also found meal and sugar in large quantities.

Certain officers of the county received information that appellant was making mash for manufacturing intoxicating liquors, and they went to his place for the purpose of ascertaining the truth of the charge, and making arrests, if necessary. This was about the middle of September, 1921, and when they got to a place near appellant's home, having passed it in an effort to secrete themselves from view, they heard a sound emanating from appellant's kitchen like the blowing of a horn, or shell. They were secreted in the bushes at that time, and they saw appellant and a boy and a man come out of the shanty door and come along the path toward appellant's house. A few minutes later a woman living with appellant came from his home and walked on down the path, meeting them. The officers accosted the party, and subsequently examined the shanty and found, as before stated, the mash and other articles to be used in its preparation.

When appellant and his companions were seen emerging from the door of the shanty they trotted along the path at a rapid gait, and when they reached the officers appellant seemed to be hot and covered with perspiration, and had meal on his shoes and clothing. There was a plain path running from the shanty to appellant's house, and there was no other path leading from the shanty.

About three months later appellant's house was searched and bottles were found that smelled of whiskey, and also a stillworm was found.

There were other suspicious circumstances in connection with appellant and his conduct about this time, and we are of the opinion that the evidence warranted the finding that appellant had .made the mash and was keeping it in possession for the purpose of distilling spirituous liquor.

It is also contended that the court erred in admitting testimony of the search of appellant's house three months after the finding of the mash. The search was made under a warrant, but the ground of the objection is that it was too remote in point of time from the finding of the mash.

We think that the finding of the apparatus for the distillation of spirits was competent evidence, and was of high probative force as tending to show that appellant was engaged in the unlawful manufacture and distillation of spirituous liquors, and tended to show that the mash found in the shanty near his home was kept by him for such purpose. There was no error, therefore, in permitting the State to introduce this testimony.

We think there was no error in any of the rulings of the court, and that the evidence was sufficient to support the verdict. It follows that the judgment is correct and must be affirmed, and it is so ordered.

At the time of the submission of this cause appellant presented to the court a petition for a writ of *habeas corpus* for the purpose of challenging the legality of appellant's incarceration in the State Penitentiary. The petition was based upon the theory that the allowance of an appeal to this court suspended the judgment, and that, even though appellant did not give an appeal bond, the appeal itself operated as a suspension of the judgment during the pendency of the appeal to this court.

We think that appellant is correct in the contention, and that while the appeal is pending here we have jurisdiction over the person of appellant for the purpose of releasing him from improper incarceration in the peniteniary. This is not the exercise of original jurisdiction, but is incident to the exercise of appellate jurisdiction.

It is true, as contended by counsel for appellant, that the appeal suspends the judgment, and as appellant was unable to give bond, he should remain in the custody of the jailer of Greene County until the case is determined here on appeal.

The affirmance of the judgment is now entered, but it will not become final, under the statute, for fifteen days, and during that time appellant has the right to insist that, he be remanded to the custody of the jailer of Greene County, to remain there until the judgment of this court becomes final. An order will be entered here to that effect, and the keepers of the penitentiary will be directed to return appellant to the custody of the jailer of Greene County.