## SMITH *v.* STATE.

### Opinion delivered June 28, 1909.

1. PERJURY—FALSE STATEMENT—AVERMENT.—An indictment for perjury which alleges that defendant swore that at a certain time he did not · *deliver* whisky to one C., when in truth he did *purchase and deliver* whisky at said time to C., sufficiently negatives the truth of defendant's testimony. (Page 202.)

2. SAME—SUFFICIENCY OF AVERMENT OF MATERIALITY.—An indictment for perjury which alleges that the alleged perjured testimony was material is a sufficient averment of its materiality, without specifying how it was material. (Page 203.)

3. SAME—FALSITY OF TESTIMONY—SUFFICIENCY.—Where an indictment for perjury alleged that defendant falsely swore before the grand jury that he did not deliver whisky to C., but that he did buy whisky from a licensed dealer in another town,. for which he remitted by money order purchased at the postoffice in the town of D., evidence from the official records of the postoffice at D., showing that no money order was purchased by defendant, corroborated by evidence that the records were correctly kept, was sufficient to prove the falsity of defendant's testimony before the grand jury. (Page 204.)

4. SAME—MATERIALITY OF TESTIMONY.—In an investigation before a grand jury any testimony is material whose necessary effect is to suspend, if not prevent, further investigation of a subject of inquiry, as where defendant's false testimony prevented the grand jury from investigating whether liquors in a given instance had been sold illegally. (Page 204.)

Appeal from Prairie Circuit Court; *Eugene Lankford,* Judge; affirmed.

*W. A. Leach,* for appellant.

1. An assignment of perjury must specifically and without uncertainty of meaning designate the particulars wherein the

matter sworn to was false.   54 Ark. 584; 59 *Id.* 113; 51 *Id.* 138; Bliss, Code Pl., § 332.   The alleged false testimony must appear to be material on the face of the indictment.   53 Ark. 395.

2.   The materiality of the false testimony must be proved as alleged.   64 Ark. 474; 32 *Id.* 192; 30 Cyc. 1450.   The evidence must more than counterbalance the oath of the prisoner and the legal presumption of innocence.   51 Ark. 138; 30 Cyc. 1452-3. The falsity of the alleged false testimony is the very gist of the offense, and must be established by affirmative testimony.   85 Ark. 195; 87 *Id.* 564.

*Hal L. Norwood,* Attorney General, and *Chester A. Cunningham,* Assistant, for appellee.

1.   The indictment satisfies all the requisites of the statute as to perjury, and there is no negative pregnant therein as in 54 Ark. 583. Kirby's Dig., § § 1968-1970; 5 Words and Phrases, 4739.

2.   The materiality of matter must be proved and not left to inference or presumption.   32 Ark. 192; 53 *Id.* 395.

3.   It was proper to allow the statement made by appellant before the grand jury.   The testimony was available and the best evidence.   Kirby's Dig., § 2208; 4 Wigmore on Ev., § 2363 (b).

4.   Official registers of postoffices are competent evidence. 3 Wigmore on Ev., § § 1633, 1643.

BATTLE, J.   Al Smith was indicted for, and convicted of, perjury.   Judgment was rendered against him on that conviction, and he appealed.

He demurred to the indictment, and his demurrer was overruled.   So much of the indictment as is necessary to consider is as follows:

"And the said Al Smith did then and there before said grand jury, upon the investigation of a charge against some persons to the grand jurors unknown for selling ardent liquors without license in the county, district and State aforesaid, on or about the 20th day of February, 1908, did then and there, under the sanction of said oath administered to him as aforesaid, wilfully, corruptly and feloniously state 'that he did not about the 20th day of February, 1908, or at any other time, deliver to Will Copley,

at or near the town of DeVall's Bluff, any whisky whatever; that he and Will Copley together did about the 20th day of February, 1908, order two quarts of whisky from Pete Anderson at Newport, Arkansas, and remitted for same by postoffice money orders procured at the postoffice at DeVall's Bluff,' which said evidence was material in preventing the grand jury as aforesaid from returning an indictment against the party from whom the said Al Smith did purchase the whisky aforesaid, and who is to the grand jurors unknown, for selling ardent liquors without a license, when in truth and in fact the said Al Smith did on or about February 20, 1908, purchase and deliver to Will Copley at or near the town of DeVall's Bluff, county, district and State aforesaid, from some one to the grand jurors unknown, one pint of whisky; and the said Al Smith did not order whisky from Pete Anderson at Newport, Arkansas, and did not remit the money from same by postoffice money orders procured at the postoffice at DeVall's Bluff, which said statements so made by the said Al Smith as aforesaid were feloniously, wilfully and corruptly false, and the said Al Smith knew the same to be false when he made them, against the peace and dignity of the State of Arkansas."

It is shown in the indictment that the grand jury "of the Southern District of Prairie County were investigating a charge against a person from whom Al Smith had purchased whisky, to the grand jury unknown, for selling ardent liquors without license, on or about the 20th day of February, 1908, and that Al Smith, under an oath administered to him, wilfully, corruptly and feloniously stated as charged in the indictment, and that such evidence was material in this, that it prevented them from indicting such person for selling ardent liquors without license, and that the facts were as stated in the indictment."

Appellant insists that the alleged false statement made by him under oath was not sufficiently negatived in the indictment in this, that it is alleged in the indictment that he stated that he did not about the 20th day of February, 1908, or at any other time, deliver to Will Copley, at or near the town of DeVall's Bluff, any whisky whatever, when in truth and fact he did, on or about the 20th day of February, 1908, purchase and deliver to Will Copley, at or near the town of DeVall's Bluff, one pint of whisky. The statement of the contention proves that it is not true. The

indictment affirms what was denied, but affirms more, by saying that he *purchased* and delivered to Will Copley one pint of whisky.

It is alleged that the indictment is defective because it does not show that the alleged false statements were material.

Perjury is defined by the statute as follows: "Perjury is the wilful and corrupt swearing, testifying or affirming falsely to any *material* matter in any cause, matter or proceeding before any court, tribunal, body corporate or other officer having by law authority to administer oaths." Kirby's Digest, § 1968.

Section 1970 of Kirby's Digest provides: "In indictments for perjury it shall be sufficient to set forth the substance of the offense charged, and by what court or before whom the oath or affirmation was taken, averring such court or person to have competent authority to administer the same, together with the proper averments to falsify the matter wherein the perjury is charged or assigned, without setting forth any part of the record, proceeding or process, either in law or equity, or any commission or authority of the court or person before whom the perjury was committed, or the form of the oath or affirmation, or the manner of administering the same."

Under a statute substantially the same as section 1970 it was held in *People* v. *DeCarlo,* 124 Cal. 462, 464, 467, that an averment in an indictment that the false testimony given by the defendant was material to the "issues tendered in said cause" was a sufficient averment of its materiality, without specifying any particular issue upon which it was material or how it was material.

The rule is that in indictments for perjury the false testimony or statement for which the defendant is indicted may be shown by the indictment to be material, either by direct averment, or by allegation from which their materiality appears. "The rule of pleading is satisfied by a direct averment, and with that the question of materiality becomes one of proof of that averment. It is only when there is no averment of materiality that the indictment is insufficient unless it alleges the facts from which the law infers the materiality." *Commonwealth* v. *McCarty,* 152 Mass. 577, 580; *People* v. *Ennis,* 137 Cal. 263; *Greene* v. *People,* 182 Ill. 278; *Flint* v. *People,* 35 Mich. 491; 1 Russell on Crimes

(International Ed. 1896), page 354; 30 Cyclopedia of Law and Procedure, 1435, and cases cited.

Tested by the foregoing rules, the indictment is sufficient as to the materiality of the alleged false statements or testimony of the defendant.

But it is contended that the evidence adduced in the trial of the defendant was not sufficient to prove the falsity or materiality of such statements or testimony. S. E. Bowman, the foreman of the grand jury before whom the defendant testified as alleged in the indictment, testified that the grand jury had heard that Al Smith had been seen with whisky on two or three different occasions, and had given whisky to Will Copley. This was the subject of inquiry at the time Smith was before the grand jury. He was asked if he had given Will Copley some whisky, and about the possession of whisky on a certain day, the object being to ascertain from whom he purchased the whisky. In reply to these questions he testified as follows: "I never at any time delivered any whisky to Mr. Will Copley. William Copley and I did order some whisky together about the time boat was here (DeVall's Bluff) which was about 18th or 20th day of February, 1908. We ordered two quarts of whisky from Pete Anderson at Newport, Arkansas, remitting in two separate money orders. Orders were taken out in postoffice at DeVall's Bluff, and it came in name of Al Smith. I did one time tell William Copley that I knew where I could get some whisky in DeVall's Bluff. When I told Copley this, I thought I was telling the truth. I did one time get some whisky at DeVall's Bluff." This testimony was shown to be false. The official records of the postoffice at DeVall's Bluff were read as evidence, and they showed that no money orders were purchased in that office by Al Smith. This evidence was corroborated by the testimony of a witness who did not make it, which showed that he had examined it and found from information he had outside the record that it was correct. This is sufficient to prove the falsity of Smith's testimony before the grand jury. Was it material? He admits that he received two quarts of whisky in DeVall's Bluff, but falsely accounted for it. The grand jury were endeavoring to find out from whom he purchased it, with the view of ascertaining whether it had been sold by a person without license to sell liquors, within their jurisdic-

tion. This was their duty. His false testimony prevented the investigation.

Bishop, in his excellent work on Criminal Law, says: "Whatever evidence tends to influence the result on the direct or any collateral issue is material within our present doctrine, but what is not thus adapted to affect any result is not thus material. * * * * It is perjury to swear falsely to what, if true, would merely cause the particular proceeding to be abated." 2 Bishop's New Criminal Law, § 1032; *Reg v. Mullany*, Leigh & Cave, Crown Cases, 593.

The false testimony under consideration comes within the spirit, if not the letter, of the rule thus laid down; for its necessary effect was to suspend, if not prevent, further investigation of the present subject of inquiry. It was material.

Judgment affirmed.