# THE STATE v. JOSEPH CLINKINGBEARD, Appellant.

Division Two, December 9, 1922.

1. **TRIAL: Demurrer to Evidence.** If defendant, after his demurrer to the evidence offered at the close of the State's case has been overruled, does not stand on his demurrer, but proceeds to put in evidence in his own behalf on the merits of the controversy, the sufficiency of the evidence to support a conviction must be determined from all the evidence presented for the consideration of the jury; and on appeal the Supreme Court will disregard his assignment that his demurrer to the evidence offered at the close of the State's case should have been sustained, but will determine whether upon the whole case and all the testimony the evidence was sufficient to support the verdict.

2. **PERJURY: Manufacturing Intoxicating Liquors: Acquittal: False Swearing: Former Jeopardy.** Under the statute a first conviction for having unlawfully manufactured intoxicating liquors is a misdemeanor, and false swearing to material facts upon the trial of a defendant charged with having unlawfully and wilfully manufactured intoxicating liquors is a felony; and if a defendant, upon a trial in which he was charged with having unlawfully and wilfully manufactured intoxicating liquors, is acquitted, he can be prosecuted for perjury for having sworn falsely to material facts at said trial; and though the testimony at both trials is based on substantially the same facts, his plea in abatement and former jeopardy filed in the perjury trial should be disallowed.

3. ————: **Credibility of Witnesses.** It is the peculiar province of the jury to determine the credibility of the witnesses and the weight to be given their testimony; and if their testimony tending to establish defendant's guilt is substantial, the Supreme Court will not rule that it was unworthy of belief.

Appeal from Crawford Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*Wm. R. Lay* and *A. H. Harrison* for appellant.

(1)   The court should have discharged the defendant on the trial of the plea in abatement and former jeopardy; failing in this, the defendant should have been discharged at the close of the State's case; failing in this, the defendant should have been discharged at the close of the whole case.   When one offense is a necessary element in and constitutes part of another offense, and both were in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution for the other. State v. Williams, 152 Mo. 123; State v. Huffman, 136 Mo. 58; State v. Smith, 43 Vt. 324.   Where the evidence necessary to support the second indictment, would have been sufficient to procure a legal conviction upon the first, the plea of *autrefois acquit* is generally good, but not otherwise.   2 Am. Crim. Law, sec. 565; State v. Williams, 152 Mo. 123; Commonwealth v. Trimmer, 84 Pa. St. 69; Hilands v. Commonwealth, 114 Pa. St. 377; Commonwealth v. Shoener, 216 Pa. St. 77.   In determining whether or not a plea of *autrefois acquit* is sufficient in law in a case of this kind, the following may be regarded as the proper test:   Was the matter set out in the indictment admissible as evidence under the first, and could a conviction have been properly maintained upon such evidence?   If yes, then the plea is sufficient; otherwise it is not.   Dill v. People, 26 Pac. 229; Storm v. Territory, 94 Pa. 1101; 2 Van Fleet, Former Adjudication, pp. 1249, 1250, note; 1 Wharton, Crim. Law (11 Ed.) p. 528, sec. 395.   The true test to determine the sufficiency or insufficiency of a plea of former acquittal as a bar to the pending prosecution is this:   would the same evidence be necessary to secure a conviction in the pending, as in the former, prosecution?   If it would be, then the plea of former acquittal would be a complete bar to the pending prosecution; otherwise, the plea would not be sufficient.   Smith v. State, 85 Ind. 557; Barker v. State, 188 Ind. 274; 2 Van Fleet, Former

Adjudication, p. 1201, sub-sec. 594; 2 Bishop, Crim. Law, sec. 1052, p. 630; Price v. State, 19 Ohio, 223; Hiekes v. Commonwealth, 26, Pa. St. 513; Commonwealth v. Trimmer, 84 Pa. St. 65; Ex parte Rogers, 10 Tex. App. 655; Williams v. State, 13 Tex. App. 285; Winn v. State, 82 Wis. 571; Hughes, Crim. Law & Proc., p. 415, sec. 1614. A person acquitted of a crime cannot be again tried for it under the guise of a charge of perjury. United States v. Butler, 38 Fed. 498; Cooper v. Commonwealth, 106, Ky. 909; Petit v. Commonwealth, 57 S. W. 14; Chitwood v. United States, 178 Fed. 442. When a fact has once been judicially determined, that determination is conclusive in all controversies between the same parties. This rule applies, though the subject-matter and purposes of the two controversies are not the same. Coffey v. United States, 116 U. S. 436; Green v. Bogue, 158 U. S. 478. If the truth or falsity of the charge in the former indictment is the gist of the question under investigation so that a conviction for perjury will necessarily import a contradiction of the jury's verdict for not guilty in the former trial, the subsequent prosecution will be barred. 14 Standard Ency. of Proc., p. 554, sec. 3; United States v. Butler, 38 Fed. 498; Chitwood v. United States, 178 Fed. 442; Cooper v. Commonwealth, 106 Ky. 909; Petit v. Commonwealth, 57 S. W. 14; Coffey v. United States, 116 U. S. 436; State v. Smith, 119 Minn. 107. (2) The testimony on the part of the State did not show that any whiskey was manufactured by the defendant; the most and all that can be said of the testimony is that it showed an attempt to manufacture whiskey. An attempt in criminal law is an effort or endeavor to accomplish a crime, amounting to more than mere preparation or planning for it, and which, if not prevented, would have resulted in the full consummation of the act attempted, but which, in fact does not bring to pass the party's ultimate design. Black's Law Dictionary, p. 102; State v. Davidson, 172 Mo. App. 363; 1 Bishop,

Crim. Law, sec. 728; State v. Smith, 119 Mo. 445. (3) It is a settled rule of criminal procedure that testimony of a confession of the crime charged, made out of court by the accused, must be supported by independent proof of the *corpus delicti;* that is, proof that a crime was in fact committed. State v. Young, 237 Mo. 177. (4) A mere intent to commit a criminal offense is not a crime. State v. Rider, 90 Mo. 60; State v. Riseling, 186 Mo. 529. The testimony failing to show that the defendant had in fact actually manufactured whiskey, it follows that he did not commit perjury. (5) Earl R. Stringfellow was not competent to testify as a witness for the State and against the appellant; he and appellant had been jointly indicted charged with having illegally manufactured whiskey; the case against Stringfellow was pending against him at the time he testified. Over the objections of the appellant he was permitted to testify as to the alleged manufacture of whiskey by himself and the appellant. When two persons are jointly indicted for the same offense one may not testify for the State against the other while his case is undisposed of. State v. Reppley, 278 Mo. 337.

*Jesse W. Barrett,* Attorney-General, and *J. Henry Caruthers,* Special Assistant Attorney-General, for respondent.

(1) The trial court committed no error in overruling appellant's plea in abatement based on former adjudication and former jeopardy. Allan v. United States, 194 Fed. 666, 39 L. R. A. (N. S.) 385; Teague v. Commonwealth, 189 S. W. 909, L. R. A. 1917B, 738; State v. Tedder, 242 S. W. 893; State v. Ruddy, 228 S. W. 762; State v. Jennings, 278 Mo. 552; State v. Hardiman, 277 Mo. 233; State v. Moran, 216 Mo. 550; State v. Ackerman, 214 Mo. 332; State v. Smith, 119 Minn. 107; People v. Albers, 137 Mich. 679; State v. Caywood, 96 Iowa, 372; State v. Cary, 159 Ind. 504. (2) After defendant's demurrer offered at the close of

State's case was overruled, the appellant proceeded to offer testimony in support of his defense, and thereby waived his right to be heard on said demurrer. State v. Hembree, 242 S. W. 913; State v. Ellis, 234 S. W. 847; State v. Jackson, 283 Mo. 24. (3) The court properly refused appellant's demurrer offered at the close of all the evidence, as there was ample evidence of appellant's guilt. State v. Hascall, 226 S. W. 21; State v. McKenzie, 177 Mo. 717; State v. Williams, 186 Mo. 135. (4) The testimony was sufficient to raise an issue for the jury and amply supports the verdict and this court will not interfere. State v. Arnett, 210 S. W. 83; State v. Long, 257 Mo. 208; State v. Hembree, 242 S. W. 914. (5) The falsity of appellant's testimony in his trial for unlawfully having in his possession a still and unlawfully manufacturing whiskey was established by not only two witnesses but by five or more.

RAILEY, C.—On February 25, 1921, the grand jury of Crawford County, Missouri, returned an indictment against defendant and one Earl R. Stringfellow, charging that they jointly, on February 24, 1921, in Crawford County aforesaid, did unlawfully and wilfully manufacture, sell and give away certain intoxicating liquors, to-wit, one quart of whiskey for beverage purposes, etc. The case came on for trial at the June term, 1921, of said court and, on application of this appellant, he was granted a severance. At the same term of said court, he was placed upon trial before a jury who, after hearing the testimony, including that of defendant, returned a verdict of not guilty, and he was discharged.

At the former trial the court, by instruction numbered seven, declared the law of the case, as follows:

"The court instructs the jury that if you believe and find from the evidence that the defendant, Joseph Clinkingbeard, in Crawford County, Missouri, on the 24th day of February, 1921, did wilfully manufacture, for beverage purposes, intoxicating liquors, to-wit,

whiskey, you will find him guilty, as charged in the indictment and assess his punishment at a fine of not less than one hundred dollars nor more than one thousand dollars, or by imprisonment in the county jail for a term of not less than thirty days nor more than twelve months, or by both such fine and imprisonment.''

Instruction two given in the former trial, reads as follows:

''The court instructs the jury that if you find and believe from the evidence that the defendant had no agency in the maufacture of intoxicating liquor, if you find any was manufactured, and that he merely attempted to screen the guilty party, he cannot be convicted of manufacturing intoxicating liquor, as charged in the indictment.''

Said instructions seven and two, supra, substantially covered the main issues in the former trial, relating to the charges against this appellant. A large number of witnesses testified in behalf of the State at said trial, and eight or ten witnesses testified for defendant in respect to the issues aforesaid.

On October 4, 1921, the Prosecuting Attorney of Crawford County filed an information against appellant, charging him with having committed perjury in the former trial. It contains two counts, but as the jury returned a verdict herein on the first count against appellant, and assessed his punishment at two years and six months in the penitentiary, we will not consider the second count. The first count of said information alleges that it was a material question at the former trial as to whether this appellant had knowledge or information that certain stills, vessels, etc., and other equipment were used in the manufacture of whiskey; and certain yeast, sugar and raisins were used in his building, as a store, in Steelville, Crawford County, Missouri, during the month of and on and prior to the 24th day of February, 1921; and whether any whiskey was made on said premises during said month; and

whether appellant ever made, or assisted in making, any whiskey, in the month of February, 1921, at his store aforesaid, or at any other time prior thereto; and whether he had any material, such as yeast, sugar or raisins in his store or on his premises aforesaid; and whether appellant knew how said stills, worms, vessels, yeast, sugar or raisins, which were found in his store, came to be there, or who put them there; and whether appellant was down in the hole or excavation on the premises and under the building occupied by him on February 24, 1921, when he went to the town of Cuba. Said first count then charges that appellant, on the former trial, feloniously, wilfully, corruptly, knowingly and falsely, before the court and jury aforesaid, did swear, in substance, that he had no knowledge that stills, worms, vessels, yeast, sugar, raisins, or other equipment or materials used in the manufacture of whiskey were on his premises or in the building occupied by him, until he walked into his said store, on the night of February 24, 1921, on his return from Cuba, and that there was nothing of the above nature used in the manufacture of whiskey on his premises or under said store; and that he never made or assisted in making whiskey or liquor of any kind at his store or premises aforesaid; and that he did not have any of the above materials in February, 1921, or at any time in his place of business, or on said premises; and that he did not know how the above articles used to manufacture whiskey found in said store and on his premises came to be there; and that he did not put them in said store or on said premises, and knew nothing about them; and that he was not down in the hole or excavation on said premises on the afternoon of February 24, 1921.

The first count then charges that appellant did know that the above articles, used in manufacturing whiskey, were in his building, and on his premises aforesaid, prior to his return from Cuba on the evening of February 24, 1921; that in fact said articles used in the

manufacture of whiskey were in said store, and on said premises, when appellant left said store on the afternoon of February 24, 1921, and were known by him to be there at that time. It further charges that appellant had made, and assisted in making, whiskey at his store, and on his premises aforesaid; and that whiskey was so made at said place on February 24, 1921, and prior thereto, during said month of February, 1921, which said fact appellant well knew. It is averred that appellant did have the articles aforesaid on his premises aforesaid, and knew they were being used to manufacture whiskey, aside from what Earl Stringfellow told him; that appellant put said articles in said store, and on said premises, to be used in manufacturing whiskey, and knew they were being used for that purpose, etc. Said first count then concludes by charging that appellant did feloniously, wilfully, corruptly, knowingly and falsely commit wilfull and corrupt perjury, etc.

Appellant was arraigned and entered his plea of not guilty.

Appellant filed a motion to quash said information, because it did not charge any offense, etc. Said motion to quash was overruled. Thereupon appellant herein filed a plea of former adjudication and former jeopardy, and alleged therein that the charge as to whether or not he was guilty of having manufactured whiskey, on February 24, 1921, had been submitted to a jury, on a trial of the case against him, wherein he was charged with the commission of said offense, and that a jury had found him not guilty of said charge; that the verdict in his favor so returned was based upon the testimony and evidence that would be offered by the State in the present cause; that the evidence in this case, to support the information herein, would have supported the indictment in the former case; that in order for the jury to return a verdict of guilty in the present cause, it would be necessary that the finding upon the facts would be contrary to the facts found by the jury under

the indictment aforesaid when he was acquitted; that by reason of the foregoing, there has been a former adjudication rendered upon the testimony that would be necessary to support the information filed in the present case, and he had been placed in jeopardy; that if a verdict of guilty should be returned in this case, it would be a contradiction of the verdict returned under said indictment.

Appellant offered in evidence the record of the court showing a severance in this cause. He also offered in support of his plea of former adjudication, etc., supra, the record of the former trial and judgment of acquittal, the indictment, the information herein and all the testimony offered on the trial of the former case, including the instructions of the court.

Appellant's plea of former adjudication was overruled, and the defendant's motion to require the State to elect on which assignment of perjury set out in the information it would go to trial, was likewise overruled.

At the trial of this case, the State offered substantial testimony tending to support the charges contained in the first count of said information. As disclosed by the record, much of the evidence given in the present case was covered by the testimony of most of the witnesses in the former litigation, although additional evidence was offered by the State in this case which did not appear at the former trial.

Appellant offered a demurrer to the evidence at the conclusion of the State's case, which was overruled, and likewise offered a similar demurrer at the close of the whole case, which was also overruled.

That part of instruction one given in this case, relating to the crime of perjury, reads as follows:

". . . if you further find from the evidence that the said defendant, Joseph Clinkingbeard, at the city of Steelville, Crawford County, Missouri, and on the —— day of June, 1921, on the trial of said cause, and before said jury, did wilfully, falsely and corruptly swear and testify that he never did make, or assist in making,

296 Mo.—3

any whiskey, you will find him guilty of perjury, as charged in the 1st count of the information, for falsely swearing that he never had made, or assisted in making any whiskey, and assess his punishment at imprisonment in the State Penitentiary for a term of not less than two nor more than seven years.''

Defendant, in due time, filed motions for a new trial and in arrest of judgment, both of which were overruled, and an appeal granted him to this court. He was unable to give the appeal bond required in the case, and has been confined in the penitentiary since the 22nd day of October, 1921.

I. At the conclusion of the State's testimony, counsel for appellant interposed a demurrer thereto, which was overruled. Instead of standing on the demurrer, appellant elected to, and did submit to the jury the testimony of himself and other witnesses, on the merits of the controversy. In so doing, he waived his right to be heard here on said demurrer, as the jury were *then* bound to consider the case with reference to *all* the testimony offered on both sides. [State v. Wilson, 237 S. W. (Mo.) l. c. 778; Simpson v. Wells, 237 S. W. (Mo.) l. c. 523 and cases cited; State v. Wells, 234 S. W. (Mo.) l. c. 827; Burton v. Holman, 231 S. W. (Mo.) l. c. 632; State v. Ray, 225 S. W. (Mo.) l. c. 973; State v. Lippman, 222 S. W. (Mo.) l. c. 439; State v. Belknap, 221 S. W. (Mo.) l. c. 45; State v. Mann, 217 S. W. (Mo.) l. c. 69; Lareau v. Lareau, 208 S. W. l. c. 243.]

*Demurrer to Evidence.*

In view of the law as declared in the above cases, the foregoing contention must be overruled.

II. It is strenuously insisted by counsel for appellant that the latter's plea in abatement and former jeopardy should have been sustained and defendant discharged. In passing upon this question it is well to have before us the sections of our statute under which appellant was prosecuted in both actions.

*Former Jeopardy.*

Section 6588, Revised Statutes 1919, under which he was *formerly* prosecuted, reads as follows:

"It shall be unlawful for any person, firm, association or corporation, his, its or their agents or employees, to manufacture, sell, give away or transport intoxicating liquors within, import the same into, or export the same from the State of Missouri for beverage purposes, except as hereinafter provided. [Laws 1919, p. 408.]".

Section 6604, Revised Statutes 1919, provides for the punishment of offenses under said Section 6588, as follows:

"Any person convicted of any violation of the provisions of this article shall, for the first conviction, be punished by a fine in a sum of not less than one hundred dollars, nor more than one thousand dollars, or by imprisonment in the county jail for a period of not less than thirty days nor more than one year, or by both such fine and imprisonment; . . ."

Section 3712, Revised Statutes 1919, reads as follows:

"The term 'felony,' when used in this or any other statute, shall be construed to mean any offense for which the offender, on conviction, shall be liable by law to be punished with death or imprisonment in the penitentiary, and no other."

Section 3714, Revised Statutes 1919, provides that:

"The term 'misdemeanor,' as used in this or any other statute, shall be construed as including every offense punishable only by fine or imprisonment in a county jail, or both."

Section 3126, Revised Statutes 1919, under which defendant was prosecuted in this action, reads as follows:

"Every person who shall wilfully and corruptly swear, testify or affirm falsely to any material matter, upon any oath or affirmation, or declaration, legally administered, in any cause, matter or proceeding, before any court, tribunal or public body or officer, and whoever shall falsely, by swearing or affirming, take any oath pre-

scribed by the Constitution of this State, or any law or ordinance thereof, when such oath shall be legally administered, shall be deemed guilty of perjury.''

Section 3127, Revised Statutes 1919, provides that: ''Every person who shall be convicted of willful and corrupt perjury shall be punished in the following cases, as follows: . . . third, for perjury committed in any other case wherein the punishment is not otherwise prescribed by law, by imprisonment in the penitentiary for a term not exceeding seven years.''.

It is manifest from the foregoing, that appellant was charged in the former action with the commission of a misdemeanor, and was prosecuted in this action, for an entirely different offense, to-wit, a felony. The proof in both cases to some extent may have covered the same field. The appellant may have been acquitted in the former case, on testimony other than that given by him on the witness stand, yet, if the jurors in the present action, found from the testimony, that he knowingly, and feloniously testified falsely as to material facts in the former case in order to secure an acquittal, they were justified in convicting him of perjury. Upon a full consideration of the authorities, we have reached the conclusion, that if a defendant in a criminal case is guilty of perjury, in testifying to material facts in order to secure an acquittal, he may be prosecuted therefor, although he may have been acquitted on other than the false testimony given in his own behalf.

It evidently was the purpose of the law-making power to keep the fountains of justice pure, by punishing litigants for knowingly committing perjury in the trial of lawsuits while testifying to material facts therein. The General Assembly has seen fit to enact a law making it a misdemeanor to manufacture, etc., whiskey for beverage purposes. The same body has likewise declared that if a litigant in the trial of a misdemeanor case commits perjury, by wilfully and knowingly swearing to material facts which are untrue, he may be prosecuted, and con-

victed of a felony. This is true though the testimony of both trials be based on substantially the same facts. [Secs. 6558, 6604, R. S. 1919; Secs. 3126, 3127, R. S. 1919; State v. Tedder, 242 S. W. (Mo.) l. c. 893, and cases cited; State v. Ruddy, 287 Mo. l. c. 63, 228 S. W. l. c. 762; State v. Jennings, 278 Mo. l. c. 552, 213 S. W. 421; State v. Hardiman, 277 Mo. l. c. 233, 209 S. W. 879; State v. Schyhart, 199 S. W. (Mo.) l. c. 209, 210; State v. Pace, 269 Mo. l. c. 687, 192 S. W. 428; State v. Moran, 216 Mo. 550, 115 S. W. 1126; State v. Ackerman, 214 Mo. l. c. 332, 113 S. W. 1087; State v. Oakes, 202 Mo. l. c. 100, 100 S. W. 434; State v. Laughlin, 180 Mo. 342; State v. Faulkner, 175 Mo. l. c. 568; State v. Williams, 152 Mo. 115; State v. Day, 100 Mo. l. c. 249; State v. Wakefield, 73 Mo. 549; Allan v. United States, 194 Fed. l. c. 666, 39 L. R. A. (N. S.) 385; Teague v. Commonwealth, 189 S. W. (Ky.) l. c. 909-10, and cases cited; Smith v. State, 91 Ark. 200; People v. Albers, 137 Mich. 679; State v. Smith, 119 Minn. 107; State v. Caywood, 96 Iowa, 372; State v. Cary, 159 Ind. 504; Morey v. Commonwealth, 108 Mass. 433; Hooper v. State, 30 Tex. App. 412, 17 S. W. 1066; Carter v. McClaughry, 183 U. S. 365; Gavieres v. United States, 220 U. S. 338; Morgan v. Devine, 237 U. S. 632; 8 Ruling Cas Law, sec. 133, p. 148, and cases cited; 16 Corpus Juris, p. 243, sec. 380.]

In the recent case of State v. Tedder, 294 Mo. 390, in discussing the foregoing subject, we said:

"On the facts presented by the record in this case, the charge of larceny and that of perjury relate to entirely different offenses. It is true that defendant was acquitted of grand larceny, but if he committed perjury in swearing that he bought the Parmley chickens from Stone and Cole on the night of April 27, 1920, he was liable to prosecution therefor, under the law, regardless of the larceny acquittal."

The foregoing quotation is fully sustained by the above cases.

Tested upon either principle or authority, we have reached the conclusion, that appellant's plea of former

adjudication and former jeopardy was properly over-ruled.

III.  It is contended by appellant that, at the close of the case, his demurrer to the evidence should have been sustained, and defendant discharged.  In the preceding statement, we have set out the charges made in the first count of the information, as to what occurred at the former trial.  In order to pass upon the above demurrer intelligently, we have read the eight hundred-page transcript in this case, which contains the testimony of both trials.  Appellant testified at the former trial as a witness in his own behalf. His examination in chief, as well as the cross-examination, took a wide range, and covered the matters referred to in said first count of the information.  In the trial of the present case, the jurors had before them the testimony of defendant given at the former trial, and the first count of the information containing the charges of perjury lodged against him.  The State thereupon produced as witnesses in this case, C. A. Cavanaugh, C. H. Halbert, Lee Brickey, J. F. Mullen, Fred C. Peetz and others, whose testimony, if true, was amply sufficient to convict defendant of perjury in the former trial.

Substantial Testimony.

Appellant's counsel insist that the testimony of the State's witnesses relating to the charge of perjury, is unworthy of belief, and that this court should treat it accordingly.  It was the peculiar province of the jury to pass upon the credibility of the witnesses and of the weight to be given their testimony.  These witnesses were before the trial court and jury.  The latter found from the testimony in the case that defendant had committed perjury in the former trial.  The trial judge, who heard these witnesses testify, overruled appellant's motion for a new trial and upheld his conviction.

Considering the case from every viewpoint, we are of the opinion that defendant was convicted upon substantial evidence, and that his conviction should stand.

The judgment below is accordingly affirmed. *White,* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.