Frank L. WILLIAMS, et ux., Plaintiffs,

v.

Doyle R. DOVER, et al., Appellants,

Jay Benson, Respondent.

No. WD 40700.

Missouri Court of Appeals,
Western District.

Feb. 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1989.

Application to Transfer Denied
May 16, 1989.

Richard C. Thomas, Bear, Hines, Thomas, Dierkes & Stamper, Columbia, for appellants.

Walter D. McQuie, Jr., Montgomery City, for respondent.

Before MANFORD, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Appeal from a judgment which refused to impose sanctions on an attorney under Rule 55.03. Affirmed.

In April 1986 Frank and Barbara Williams filed suit against Doyle R. Dover, Conny Dover and others. The suit was filed by Jay Benson, as attorney for the Williams. Subsequent to filing the original petition, Benson filed a first amended petition, and on September 15, 1986, Benson filed a second amended petition. On September 29, 1986 Benson requested leave to withdraw as attorney for the Williams which the court granted. Thereafter, William Farrar entered his appearance as attorney for the Williams. On December 31, 1986 Farrar filed a third amended petition.

On May 15, 1987 the Williams, the Dovers, and corporations controlled by the parties entered into a settlement agreement thereby disposing of the underlying claim. Pursuant to the settlement, the court entered an interlocutory judgment which found in favor of the defendants and which stated that the judgment would become final upon a ruling on the motion for sanctions.

Also on May 15, 1987, counsel for the Dovers and a corporation controlled by them filed a motion for sanctions under Rule 55.03 against attorney Benson. The motion set out the filing of the original and second amended petitions and alleged that Benson had signed and filed such petitions without reasonable inquiry and had filed the second amended petition after he had notice that there were no facts which would support the allegations of that petition. The motion sought $30,000 for reasonable expenses including attorney fees, cost of discovery and expert witnesses.

The court denied the motion for sanctions finding that the evidence did not support a finding that Benson had violated Rule 55.03. In addition, the court noted that the Dovers did not give prompt notice to the court upon discovery of their basis for filing a motion for sanctions and that they had such knowledge on October 30, 1986. Rule 55.03 was amended effective July 1, 1986 and provides as follows:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The record in this case consists of a legal file containing part of the pleadings and the judgment. The judgment disposing of the motion for sanctions contained findings of fact. A transcript of a hearing conducted by the trial court has been filed. It appears from the transcript that although the Dovers had taken the deposition of Benson, Benson's attorney objected to the introduction of any evidence regarding con-

versations had between the Williams and Benson or any correspondence between them, citing the attorney-client privilege. During the hearing the Dovers produced the Williams and Farrar to testify that the Williams had executed a waiver of the attorney-client privilege.

Benson had filed a motion to dismiss the motion for sanctions on the ground that the motion did not state facts upon which relief could be granted. The court stated it was taking the matter under advisement and the parties were to file briefs subsequent to the hearing. The Dovers did not request an opportunity to present further evidence nor did they request leave to conduct discovery on the motion for sanctions. Thereafter, the court entered its order finding that Benson did not violate Rule 55.03. The judgment stated that an examination of the files and evidence led the court to conclude that Benson did not violate Rule 55.03. The court also noted in its judgment that the Dovers had failed to give prompt notice to the court and to Benson that Benson had violated Rule 55.03. The judgment concluded that the motion for sanctions was overruled and dismissed.

On appeal, the Dovers contend that they were not required to give prompt notice of the violation of Rule 55.03. In view of the disposition of this appeal it is not necessary to reach the question of notice, although those interested will find an abundance of federal authority on the question. A thorough discussion can be found in *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866 (5th Cir.1988).

In *Farmers and Merchants Ins. Co. v. Cologna*, 736 S.W.2d 559, 569[9, 10] (Mo. App.1987), the court stated: "It is the duty of an appellant to provide an appellate court a record containing everything necessary for the determination of questions presented to it."

In this case the appellant has failed to provide this court with any record which would demonstrate that Benson violated Rule 55.03, which in turn would demonstrate that the judgment finding no violation was erroneous. Absent such a record this court is unable to conclude that the

court wrongly decided the motion for sanctions.

The Dovers contend that the court only ruled on the motion to dismiss the motion for sanctions. The judgment does not mention a ruling on the motion to dismiss but contains a final disposition of the motion for sanctions on the merits. To obtain a reversal of such a final judgment requires the record considered by the trial court to be filed in this court. Absent such a record this court has nothing on which a finding of error can be based. The mention in the judgment that the motion was dismissed follows the ruling on the merits and may be treated as surplusage. There is nothing to indicate that the court considered its judgment as being limited to a ruling on the motion to dismiss the motion for sanctions.

The JUDGMENT is AFFIRMED.

All concur.