STATE of Missouri, Plaintiff–Appellant,

v.

Macon COLEMAN,
Defendant–Respondent.

No. 55584.

Missouri Court of Appeals,
Eastern District,
Division One.

June 13, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 11, 1989.

Application to Transfer Denied
Aug. 1, 1989.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for plaintiff-appellant.

Michael D. Burton, St. Louis, for defendant-respondent.

REINHARD, Judge.

The state appeals from the trial court's order dismissing a two count indictment charging defendant with perjury. We reverse and remand.

The principal issue in this appeal is whether defendant would be subjected to double jeopardy were he prosecuted for perjury, § 575.040, RSMo 1986, after being acquitted in the trial wherein he uttered the allegedly perjurious testimony. In defendant's previous trial he was charged with first degree assault and tampering. From the sparse record before us,[1] it appears the state introduced evidence that defendant made oral and written confessions to both offenses. Apparently defendant testified his confession was coerced, resulting from a beating inflicted by a police detective. He further testified he sought medical treatment at the City Workhouse *for the* injuries caused by the beat-

ing. In rebuttal, the state called the detective whose physical abuse allegedly resulted in defendant's coerced confession. He testified the confession was voluntary. The state also called a nurse from the City Workhouse who testified her records for the day in question did not reflect any attempt by defendant to seek medical attention. The jury acquitted defendant of assault but convicted him of tampering.

Count I of the present indictment charges that defendant perjured himself when he testified he was beaten and was "therefore forced to make a written confession." Count II charges that defendant perjured himself when he testified he reported the beating to workhouse personnel and sought medical treatment.

Defendant responded to the perjury indictment with a motion to dismiss, arguing "the state's issuance of the two perjury charges constitutes double jeopardy," and that the "[s]tate's issuing perjury charges against defendant is a clear example of prosecutorial vindictiveness." After hearing oral argument from both sides, the trial court granted the motion, stating that the dismissal was based on double jeopardy.

In determining the double jeopardy issue, we note at the outset that this case is not governed by *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). That case deals only with the ramifications of charging a defendant with separate statutory violations arising out of the same criminal transaction. *Id.* at 304, 52 S.Ct. at 182. The present charges arise from the allegedly false testimony which was given months after the transaction resulting in the assault and tampering charges. Thus *Blockburger* is inapposite.

Here we are concerned with the application of collateral estoppel, a doctrine which is embodied in the 5th Amendment guarantee against double jeopardy. *Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970); *State v. Booker,* 540 S.W.2d 90, 92 (Mo.App.1976). Although defendant did not refer explicitly

---

1. The record on appeal consists only of the perjury indictment, defendant's motion to dismiss, the court's summary ruling, and an order overruling the state's motion to reconsider.

to collateral estoppel in his motion, the language of the motion is clearly couched in those terms. Collateral estoppel "means simply that when an issue of ultimate fact has been determined by a valid final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe,* 397 U.S. at 443, 90 S.Ct. at 1194. To establish that the present prosecution is barred by defendant's prior acquittal, "the burden is on [defendant] to show that the verdict there *necessarily* decided the issues now in litigation." *Booker,* 540 S.W.2d at 93 (*quoting United State v. Tramunti,* 500 F.2d 1334, 1346 (2d Cir. 1974) cert den. 419 U.S. 1079, 95 S.Ct. 667, 42 L.Ed.2d 673 (1974)) (emphasis in original). In *Ashe,* the Supreme Court stated that when the previous acquittal was based on a general verdict, the collateral estoppel inquiry "requires a court to examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Ashe,* 397 U.S. at 444, 90 S.Ct. at 1194. (Citations omitted.) Recently our Supreme Court has expressed the view that collateral estoppel forecloses consideration of an issue only when that issue was unambiguously decided in the earlier case. *State v. Rodden,* 728 S.W.2d 212, 220 (Mo. banc 1987). Judge Rendlen, speaking for our court in *Booker,* quoted from *Tramunti* in which the court noted, "Since it is usually impossible to determine with any precision upon what basis the jury reached a verdict in a criminal case, it is a rare situation in which the collateral estoppel defense will be available to a defendant." *Booker,* 540 S.W.2d at 93, *quoting Tramunti,* 500 F.2d at 1346.

Our research has disclosed a number of cases discussing the effect of an acquittal on a subsequent prosecution for perjury.[2] Most have found no bar. *See* Annot., 89 A.L.R.3d 1098 (1979); *People v. Briddle,* 84 Ill.App.3d 523, 40 Ill.Dec. 265, 405 N.E.2d 1357 (1980); *Boyles v. State,* 647 P.2d 1113 (Alaska App.1982). *But see United States v. Drevetzki,* 338 F.Supp. 403 (N.D.Ill.1972). Precedents are of little help, though, as each case is based on particularized facts. Defendant's argument here is that in order to acquit him of assault, the jury necessarily believed his testimony as to the police beating and thus disregarded his confession. Therefore, those issues cannot again be litigated in this case. Defendant urges, however, that we cannot entertain the state's appeal because the state has not furnished us with the transcript of the prior trial which is "crucial" to the collateral estoppel determination. We agree with defendant that, in most cases, in order to determine whether collateral estoppel applies, it is necessary to consider the transcript and entire record of the prior litigation. See *Ashe,* 397 U.S. at 444, 90 S.Ct. at 1194. We also note, as stated above, that the burden is on the defendant to show that the jury necessarily decided the issue sought to be foreclosed. In the ordinary case, a defendant could not satisfy this burden without resort to the record of the prior proceeding. Ironically, there is no indication that defendant produced this record in the trial court or that the trial court considered it. Without the record of the prior proceeding, the trial court had an insufficient basis to dismiss the indictment. We therefore reverse and remand the case to allow defendant an opportunity to supply the trial court with a record sufficient for proper review of defendant's collateral estoppel claim.[3]

**2.** The issue is not one of first impression in Missouri. In *State v. Clinkingbeard,* 296 Mo. 25, 247 S.W. 199 (1922) defendant was acquitted of selling intoxicating liquor and subsequently prosecuted for perjury. Our Supreme Court held that the acquittal was no bar to the perjury prosecution "[even] though the testimony of both trials be based on substantially the same facts." *Id.* at 202. The per se rule of *Clinkingbeard* would appear to have little, if any, validity after the United States Supreme Court's pronouncement in *Ashe.*

**3.** We stated in *Booker,*

To fully review the factual basis for the issue, we ordered a transcript prepared of the burglary and robbery trial. [f.n. 3 The State argued, perhaps with merit, that defendant failed to properly raise the issue of collateral estoppel or establish a reasonable basis for

Defendant also contends that in spite of any deficiencies in his collateral estoppel theory, the trial court could and should have dismissed the indictment based on prosecutorial misconduct. Other than defendant's motion, there is nothing in the record to support this contention and therefore nothing for us to review.

Reversed and remanded.

CRANDALL, P.J., and CRIST, J., concur.

preparation and examination of the robbery-burglary trial transcript, but to fairly decide the issues, the record was procured.] We have examined the pleadings, cross-examination, closing arguments, jury instructions and all matters of record as mandated by the Supreme Court to determine if identification was the primary issue upon which the jury could rationally have acquitted defendant. In the burglary charge the forcible breaking and entering with felonious intent were elements (unrelated to the rape) vigorously contested and called to the jury's attention by appropriate instructions of the court. From this we conclude a rational jury could have grounded its verdict upon those issues precluding the availability of collateral estoppel stemming from that count.

*Booker,* 540 S.W.2d at 90. While in *Booker* we ordered the transcript, on reflection we believe the better practice is to give the trial court an opportunity to properly resolve the collateral estoppel issue in the first instance.