**STATE of Missouri, Plaintiff–Appellant,**

v.

**Judith Ann SMITH,
Defendant–Respondent.**

No. 56431.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 19, 1989.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for plaintiff-appellant.

W. Michael Hamilton, Mexico, for defendant-respondent.

PER CURIAM.

The state appeals from a judgment dismissing three charges of forgery. We reverse and remand.

Defendant, in cause no. CR188–80F, was charged with four counts of forgery arising from two checks. Two counts were for making or altering the checks in violation of § 570.090.1(3), RSMo 1986, and two were for using the checks as genuine in violation of § 570.090.1(4), RSMo 1986. The case was tried to a jury which, on January 19, 1989, returned verdicts of not guilty on all counts.

On February 27, 1989, in cause no. CR189–07F, defendant was charged with three counts of forgery involving three checks. Each count was for using a check as genuine in violation of § 570.090.1(4), RSMo 1986. Defendant filed a lengthy motion to dismiss asserting collateral estoppel on March 1, 1989. In the motion she alleged that, in the first case, the state's theory at trial was that defendant was involved in a scheme in which some seventy checks, apparently involving the same victim, or victims, were forged and cashed as genuine. She stated her theory at trial was that she had cashed the checks at the direction of a named account holder. According to defendant, at the trial, the checks upon which the new charges are based were presented to the jury for inspection. The charges in the second cause are based on different checks than those of the first.

The court took the motion under submission on March 6, 1989. The docket entry for that date follows: "Comes state by Prosecuting Attorney, defendant in person and with counsel. Defendant's Motion to Dismiss is submitted and taken under advisement...." The following docket entry appears for March 16, 1989: "Motion to Dismiss is sustained." On that same date the court, by letter, notified the parties of its decision and reasons therefor. Subsequently, on June 13, 1989, we rendered our decision in *State v. Coleman*, 773 S.W.2d 199 (Mo.App.1989), which we believe requires this case be reversed and remanded. In *Coleman* we said:

> To establish that the present prosecution is barred by defendant's prior acquittal, "the burden is on [defendant] to show that the verdict there *necessarily* decided the issues now in litigation." ... [W]hen the previous acquittal [i]s based on a general verdict, the collateral estoppel inquiry "requires a court to examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."
> ... [C]ollateral estoppel forecloses consideration of an issue only when that issue was unambiguously decided in the earlier case....
> ... [E]ach case is based on particularized facts.

*Id.* at 201 (citations omitted). In reversing and remanding, we held,

> In the ordinary case, a defendant could not satisfy this burden without resort to the record of the prior proceeding. Ironically, there is no indication that defendant produced this record in the trial court or that the trial court considered it. Without the record of the prior proceeding, the trial court had an insufficient basis to dismiss the indictment.

*Id.*

On appeal, the parties have the benefit of *Coleman*. The state argues it controls.

Defendant contends it does not because the judge who dismissed here was the same judge who presided over the trial she relied on in her motion. The entire record on appeal consists only of the informations and docket sheets of the case sub judice and the prior case, defendant's motion to dismiss and suggestions in support and in opposition thereto, the order sustaining the motion to dismiss, a letter to the parties in which the court expresses its basis for sustaining the motion and the notice of appeal filed in the circuit court. From this record alone, we cannot say as a matter of law that the charges of the second cause are barred by collateral estoppel.

The initials on the docket sheets indicate to us the same judge presided over both cases. While courts can take judicial notice of records in other cases, *see, e.g., State v. Pennick,* 364 S.W.2d 556, 558–59 (Mo.1963), we are unaware of any procedure that would permit a trial court to take judicial notice of testimony which has not been transcribed, unless the parties have stipulated to the testimony. In this proceeding, where trial testimony in the prior case was necessary to support the motion to dismiss, the burden was on defendant to produce it to the trial judge whether he was the same judge who presided over the prior case or not. Defendant's reliance on *Williams v. Dover,* 768 S.W.2d 194 (Mo.App.1989), is misplaced. As stated in *Williams,* it is the duty of the appellant to present to the appellate court the record the trial court considered in making its ruling. *Id.* at 196. However, here no record of the testimony in the first case was presented to the trial court.

As in *Coleman,* without the record of the prior proceeding the trial court had an insufficient basis upon which to dismiss the information. We therefore reverse and remand the case to allow defendant an opportunity to supply the trial court with a record sufficient for proper determination of defendant's collateral estoppel claim.

Judgment reversed and cause remanded.